OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and the petition reinstated.
A paternity suit commenced by petitioner (the child’s mother) on February 2, 1983, some three years after the child’s birth, was dismissed as untimely under the two-year Statute of Limitations then in effect (Family Ct Act, § 517, subd [a]). Shortly thereafter, the Legislature enlarged the limitations period to five years (L 1983, ch 305, § 1), and petitioner commenced the same paternity proceeding a second time — well within the new limitations period. Respondent’s motion to dismiss the second petition, on the basis that dismissal of the first proceeding barred the second, was denied by Family Court but the Appellate Division reversed and dismissed the petition on grounds of res judicata.
While we agree, for the reasons stated by the Appellate Division, that the enlargement of the Statute of Limitations for paternity suits is to be applied retroactively, we hold that the second petition is not subject to dismissal on grounds of res judicata. Ordinarily, a dismissal based on the Statute of Limitations is considered to be “on the merits” (see Smith v Russell Sage Coll., 54 NY2d 185, 194), precluding relitigation of that issue in a subsequent action. The issue disposed of by the order of dismissal in the first proceeding, however, was only that petitioner’s claim was untimely under the Statute of Limitations then applicable to paternity suits, and it did not reach the issue of timeliness under the amended law, which would permit petitioner’s claim. “The earlier decision may be a conclusive adjudication of the petitioner’s rights, existing then; it cannot be an adjudication of rights thereafter conferred by law, or bar a new proceeding to vindicate new rights” (Matter of Mullane v McKenzie, 269 NY 369, 373; Matter of Wood v Fahey, 62 AD2d 86, 90). Accordingly, the Family Court order dismissing the first proceeding as time-barred, even though final and on the merits, does not preclude petitioner from prosecuting this proceeding pursuant to a right newly conferred on her by statute.*
*753 Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur in memorandum.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, etc.

 After the Appellate Division dismissal, petitioner, upon whom no notice of entry of the order dismissing the first petition had been served, herself served respondent with a notice of entry in that action, together with a notice of appeal to the Appellate Division. Our holding renders that appeal unnecessary.