Evelyn Deloris BRAY,
Plaintiff–Appellant,

v.

NEW YORK LIFE INSURANCE,
Defendant–Appellee.

No. 1183, Docket 87–7963.

United States Court of Appeals,
Second Circuit.

Argued May 23, 1988.
Decided June 28, 1988.

Judith Reed, New York City (Julius Le-Vonne Chambers, Ronald L. Ellis, of counsel), for plaintiff-appellant.

Richard J. Reibstein, New York City (Epstein, Becker & Green, Steven A. Moll,

Susan Greenberg, Asst. Gen. Counsel, New York Life Ins. Co., of counsel), for defendant-appellee.

Before NEWMAN and PRATT, Circuit Judges, and TELESCA, District Judge of the Western District of New York, sitting by designation.

GEORGE C. PRATT, Circuit Judge:

Evelyn Deloris Bray appeals from a judgment of the United States District Court for the Southern District of New York, Duffy, J., granting defendant's motion for summary judgment and dismissing her employment discrimination claim. The decision is reported at 677 F.Supp. 127 (S.D.N.Y.1987). The district court held that Bray is precluded, under 28 U.S.C. § 1738 and the common-law doctrine of *res judicata*, from litigating her claim in federal court, because the New York Supreme Court dismissed, on statute of limitations grounds, her appeal from an administrative determination of the New York State Division of Human Rights ("NYSDHR") which found no probable cause to believe that the complained of discrimination occurred.

The question presented is whether the state court judgment dismissing plaintiff's petition for review of the NYSDHR determination on the ground that plaintiff failed to timely file the petition or serve the defendant precludes plaintiff's federal court claims brought under Title VII and 42 U.S. C. § 1981. Because New York treats a dismissal on statute of limitations grounds as a disposition on the merits sufficient to bar a second action, we must affirm.

## BACKGROUND

Plaintiff is a black female who worked as a training apprentice field underwriter for the defendant from August 1980 until February 1984, when she was discharged. Shortly after her termination, plaintiff, acting *pro se*, filed complaints with the NYSDHR and the Equal Employment Opportunity Commission ("EEOC"), alleging that she had been denied equal terms and conditions of employment and that she had been dismissed from her job because of her race, color, and sex, in violation of the New York State Human Rights Law.

After investigating the matter and reviewing the parties' written submissions and exhibits, NYSDHR issued, on April 25, 1985, a determination and order, which concluded that there was "no probable cause to believe that the respondent(s) engaged in the unlawful discriminatory practice complained of." The determination, which plaintiff received, also contained the following paragraph:

PLEASE TAKE FURTHER NOTICE that a complainant who seeks state judicial review, and receives an adverse decision therein, may lose his or her right to proceed subsequently in federal court under Title VII, by virtue of *Kremer v. Chemical Construction Co.*, 456 U.S. 461 [102 S.Ct. 1883, 72 L.Ed.2d 262] (1982).

Plaintiff then filed, on June 25, 1985, what she characterized as an application pursuant to Article 78 of the New York Civil Practice Laws and Rules for a judgment reversing the NYSDHR determination.

New York Life Insurance, acting as a respondent in the state court proceeding, filed an answer that denied the allegations in plaintiff's petition and raised a number of affirmative defenses, including that Bray's petition was not filed with the court or served on the defendant within sixty days.

On September 12, 1985, the New York Appellate Division, Second Department, transferred the petition to the New York State Supreme Court, Westchester County, pursuant to an amendment to N.Y. Exec.Law § 298 (McKinney Supp. 1988) that requires petitions for review of administrative determinations under the New York Human Rights Law to be directed in the first instance to the state supreme court in the county in which the allegedly discriminatory practice occurred. The order transferring the proceeding does not indicate whether a copy was sent to the plaintiff, and plaintiff was unaware of this transfer.

On September 20, 1985, the EEOC issued its own finding of no probable cause and

notified Bray of her right to initiate an employment discrimination action in federal court within 90 days of receipt of the right-to-sue letter.

On December 3, 1985, Bray filed a complaint with the southern district *pro se* clerk's office, raising claims under Title VII and 42 U.S.C. § 1981. In its answer defendant raised as an affirmative defense Bray's election of state court review. The court granted Bray's application for appointment of counsel on April 4, 1986, and on May 28, 1986, a law firm served a notice of appearance for Bray.

On August 18, 1986, Justice Rubenfeld issued the supreme court's decision and order denying Bray's petition for review "for failure to commence this proceeding within sixty days as required by section 298 of the Executive Law." Plaintiff was one day late in filing the petition. In addition, Justice Rubenfeld noted that Bray had not properly served either the defendant or NYSDHR.

Defendant thereafter in this action moved for summary judgment in the district court on the ground that the state court judgment denying Bray's petition for review barred her from relitigating her employment discrimination claim in federal court. The district court granted the motion because it concluded, reluctantly, that the state court's dismissal would be given preclusive effect by the New York courts and must, therefore, be given similar effect in federal court. 677 F.Supp. 127, 130 (S.D. N.Y.1987).

On appeal, Bray argues (1) that giving preclusive effect in a Title VII action to an unreviewed determination of a state administrative agency is contrary to the decisions in *University of Tennessee v. Elliott*, 478 U.S. 788, 106 S.Ct. 3220, 92 L.Ed.2d 635 (1986), and *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982); and (2) that the principles underlying full faith and credit are inapplicable in this case because plaintiff did not have a full and fair opportunity to litigate the merits of her discrimination claim. Defendant argues that because New York treats a dismissal on statute of limitations grounds as a dismissal on the merits, the federal court must give preclusive effect to the state court judgment.

## DISCUSSION

Judge Duffy's opinion provides a more-than-sufficient basis upon which to rest our affirmance, but there is an additional issue that we think warrants discussion. This issue, which was not briefed by the parties in any of the memoranda submitted on the summary judgment motion to the district court, concerns whether *University of Tennessee v. Elliott*, 478 U.S. 788, 106 S.Ct. 3220, 92 L.Ed.2d 635 (1986), where the Court held that unreviewed administrative fact-finding does not have preclusive effect in Title VII cases, precludes a federal district court from giving *res judicata* effect to a state court judgment dismissing, on statute of limitations grounds, a petition for review of the merits of a state administrative proceeding. We conclude that *University of Tennessee v. Elliott* does not create an exception to the established rule, *see Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982), that requires federal courts to give preclusive effect to state court judgments whenever the courts of that state would do so.

At first glance, this case seems to fall somewhere between the rule governing application of § 1738 as set out in *Kremer* and the policy underlying *Elliott*. In *Kremer*, the Court held that because Title VII does not create an exception to the requirement in 28 U.S.C. § 1738 that a federal court give "the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged", *id.* at 466, 102 S.Ct. at 1889, a federal court in a Title VII case must give preclusive effect to a decision of a state court upholding a state administrative agency's rejection of an employment discrimination claim. *Id.* at 463, 102 S.Ct. at 1888. *Accord Sinicropi v. Nassau Cty.*, 601 F.2d 60, 62 (2d Cir.) (per curiam) (where adverse determination of plaintiff's discrimination claim by the NYSDHR and the

New York State Human Rights Appeals Board was affirmed by the New York Appellate Division, Title VII claim barred by *res judicata*), *cert. denied*, 444 U.S. 983, 100 S.Ct. 488, 62 L.Ed.2d 411 (1979). *See Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 85, 104 S.Ct. 892, 898, 79 L.Ed.2d 56 (1984) (state court judgment has same claim preclusive effect on § 1983 suit in federal court that it would have in state court); *Allen v. McCurry*, 449 U.S. 90, 104, 101 S.Ct. 411, 420, 66 L.Ed.2d 308 (1980) (collateral estoppel requires federal court to give preclusive effect in § 1983 suit to issues previously decided by state courts).

The Supreme Court has subsequently suggested that although *Kremer* declined to decide whether Title VII claims can be brought only in federal courts, "state law determines at least the issue preclusive effect of a prior state judgment in a subsequent action involving a claim within the exclusive jurisdiction of the federal courts." *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 381, 105 S.Ct. 1327, 1332, 84 L.Ed.2d 274 (1985). In this case, the result is the same whether *res judicata* (claim preclusion) or collateral estoppel (issue preclusion) applies: Bray is precluded from relitigating her claims of race and sex discrimination in federal court.

On appeal, Bray argues for the first time that *Elliott* prohibits a federal court from giving preclusive effect to an administrative agency's unreviewed decision even where the state courts would do so. The question presented in *Elliott* was whether the finding of a state administrative law judge that an employer's discharge of plaintiff was not racially motivated was entitled to preclusive effect in federal court actions brought under Title VII and 42 U.S.C. § 1983. *Elliott*, 478 U.S. at 794, 106 S.Ct. at 3224. After noting that § 1738, which governs the preclusive effect to be given state court judgments, does not apply to unreviewed state administrative factfinding, the Court concluded that under federal common-law rules of preclusion, unreviewed state administrative proceedings do not have preclusive effect on Title

VII claims. *Id.* at 794–96, 106 S.Ct. at 3224–25. Elliott had not sought state court review of the adverse administrative determination; he had, rather, turned his attention to his federal court Title VII claim, which he had actually filed prior to the state administrative hearing. *Id.* at 790–92, 106 S.Ct. at 3222–23. Relying on the language and history of Title VII as well as on *Chandler v. Roudebush*, 425 U.S. 840, 96 S. Ct. 1949, 48 L.Ed.2d 416 (1976), the Court concluded that a plaintiff who pursues a Title VII action in federal court following an adverse administrative determination is entitled to a trial *de novo* in federal court. *Id.* at ——, 106 S. Ct. at 3225.

Based on the legislative history of § 1983 and other reconstruction-era civil rights acts, however, the Court concluded that, under common-law rules of preclusion, "when a state agency 'acting in a judicial capacity * * * resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate,' federal courts must give the agency's factfinding the same preclusive effect to which it would be entitled in the state's courts." *Id.* at 799, 106 S.Ct. at 3227 (citation and footnote omitted).

Although *Elliott* emphasizes congress' intent to provide *de novo* review to petitioners who bring Title VII claims in federal court after receiving adverse decisions from state administrative agencies, *Elliott* simply does not apply in the situation presented by this case. Unlike Elliott, Bray sought judicial review in the state system. The fact that she received, not a review of the factual findings underlying her claim, but a dismissal for failure to satisfy the time requirements for filing a petition for review, does not render § 1738 and the doctrine of *res judicata* inapplicable to either her Title VII or § 1981 claims. When a plaintiff has sought state judicial review of an agency decision, *Kremer* requires that we look to the preclusive effect that New York would give to the judgment of its court.

In a similar case, we held that where the New York Supreme Court dismissed a peti-

tion for review of an adverse NYSDHR decision for failure to name a necessary party, and the New York Appellate Division dismissed the appeal as untimely, plaintiffs' federal court claims under §§ 1981, 1983, 1985 and 1986 were precluded. *Kirkland v. City of Peekskill*, 828 F.2d 104, 109 (2d Cir.1987) (alternative holding). There, we concluded that the New York courts would give the appellate division's dismissal *res judicata* effect because New York considers a dismissal on statute of limitations grounds "at least sufficiently close to a decision on the merits to bar a second action." *Id.* (citing *Smith v. Russell Sage College*, 54 N.Y.2d 185, 194, 445 N.Y.S.2d 68, 72, 429 N.E.2d 746 (1981); *De Crosta v. Reynolds Construction & Supply Corp.*, 41 N.Y.2d 1100, 1101, 396 N.Y.S.2d 357, 359, 364 N.E.2d 1129 (1977)). *See Spindell v. Brooklyn Jewish Hospital*, 35 A.D.2d 962, 962–63, 317 N.Y.S.2d 963, 965 (2d Dep't 1970) (where default judgment was entered against plaintiff on motion to dismiss on statute of limitations grounds, and plaintiff did not move to reopen, determination was on the merits and barred her assertion of new claim against same defendants), *aff'd*, 29 N.Y.2d 888, 328 N.Y.S.2d 678, 278 N.E.2d 912 (1972); *Shartrand v. Town of Glenville*, 118 Misc. 2d 128, 129, 460 N.Y.S.2d 220, 221–22 (Sup.Ct. Schenectady Cty. 1983) (dismissal of a complaint on statute of limitations grounds is "on the merits" for claim preclusion purposes "whether or not the language *on the merits* was specified") (emphasis in original) (citations omitted). *See also Giacomazzo v. Moreno*, 94 A.D.2d 369, 372, 464 N.Y.S.2d 485, 487 (1st Dep't 1983) (citing *Russell Sage* for the rule that a state court dismissal on statute of limitations grounds is a judgment on the merits for *res judicata* purposes). *Cf. In re Meegan*, 64 N.Y.2d 751, 752, 485 N.Y.S.2d 982, 983, 475 N.E.2d 449 (1984) ("[o]rdinarily, a dismissal based on Statute of Limitations is considered to be 'on the merits', precluding relitigation of that issue in a subsequent action") (citation omitted).

Because New York treats a dismissal on statute of limitations grounds as a final judgment on the merits for *res judicata*

purposes, Bray is precluded from relitigating her sex and race discrimination claims in federal court. We recognize the unfairness of precluding Bray from having a court reach the merits of her claim, but there is no principled basis upon which to distinguish her case from the governing New York law. Unfortunately for Bray, "[t]he crucial factor is that [she] chose to submit her case to the state *courts* for review". *Sinicropi v. Nassau Cty.*, 601 F.2d 60, 62 (2d Cir.) (emphasis in original) (per curiam), *cert. denied*, 444 U.S. 983, 100 S.Ct. 488, 62 L.Ed.2d 411 (1979). Once a plaintiff has entered the state court system, she is bound by the preclusion rules governing that system, and the federal courts in turn must respect the finality of the judgments that issue from the state court.

We note that although she commenced this action *pro se*, Bray's appointed counsel, after serving a notice of appearance more than 2½ months before the New York court issued its decision, made no attempt to withdraw the state court application, even though the defendant had already raised Bray's election of state court review as an affirmative defense to her federal Title VII and § 1981 claims. Even if Bray herself was unable to comprehend the import of the warning accompanying the NYSDHR order, surely counsel was forewarned that under *Kremer* the decision to seek state court review could be a costly one.

We also reject Bray's independent contention that she is entitled to avoid the bar imposed by § 1738 because she was not provided with a "full and fair opportunity" to litigate her state court claims. *See Kremer v. Chemical Construction Corp.*, 456 U.S. at 480–81, 102 S.Ct. at 1896–97; *Allen v. McCurry*, 449 U.S. at 95, 101 S.Ct. at 415. State proceedings "need do no more than satisfy the minimal procedural requirements of the Fourteenth Amendment's Due Process Clause in order to qualify for the full faith and credit guaranteed by federal law." *Kremer*, 456 U.S. at 481, 102 S. Ct. at 1897–98. The New York

proceedings in this case surely met the basic requirements of due process.

The judgment of the district court is affirmed. No costs.