**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MARK DUGAN, as Representative of
the Estate of Kimberly DeWese
Dugan, deceased,
<u>Plaintiff-Appellant,</u>

No. 96-1955

v.

SCHERING CORPORATION; WHITE
LABORATORIES, INCORPORATED,
<u>Defendants-Appellees.</u>

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Robert D. Potter, Senior District Judge.
(CA-95-463-P)

Argued: March 3, 1997

Decided: April 21, 1997

Before WILLIAMS and MICHAEL, Circuit Judges, and
GOODWIN, United States District Judge for the
Southern District of West Virginia, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Ronald R. Benjamin, LAW OFFICES OF RONALD R.
BENJAMIN, Binghampton, New York, for Appellant. Linda
Trummer-Napolitano, LAW OFFICES OF HENRY R. SIMON,

White Plains, New York, for Appellees. **ON BRIEF:** Robert B. Newkirk, III, Charlotte, North Carolina, for Appellant. Erna A. Patrick, WOMBLE, CARLYLE, SANDRIDGE & RICE, Winston-Salem, North Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

I.

In 1955, Mark Dugan's future spouse, Kimberly DeWese Dugan, was exposed in utero to the drug Dienestrol, a drug manufactured and sold by Schering Corporation and through its wholly-owned subsidiary White Laboratories, Incorporated. In 1976, she was diagnosed with clear cell carcinoma of the cervix. After surgery and treatment, she was free of the disease for fourteen years. Unfortunately, Ms. Dugan was diagnosed in April 1990 with a recurrence of the cancer. The recurrence proved fatal and she died on January 14, 1991. Plaintiff alleges that the in utero exposure to Dienestrol caused Ms. Dugan to develop cancer.

II.

On March 13, 1992, plaintiff filed an action against defendants in New York. The parties filed cross-motions for summary judgment. On September 21, 1993, a New York supreme court granted defendants' motions for summary judgment. The New York court held that plaintiff's complaint was barred by the applicable statutes of limitations and repose and dismissed the action with prejudice. The court reasoned that the action was time barred under the applicable limitations laws of both New York and North Carolina.* On appeal, both

_____

*New York has a "borrowing statute," which bars an action that is untimely under both the limitations period of the state where the cause

2

the Appellate Division of the Fourth Judicial Department and the New York Court of Appeals upheld the decision of the trial court.

Approximately one month after the final decision of the New York Court of Appeals, the plaintiff filed a second action based on the same claim, involving the same issues and parties, in the United States District Court for the Western District of North Carolina, Charlotte Division. The defendants moved for summary judgment. On May 30, 1996, the district court granted defendants' motion for summary judgment.

III.

Summary judgment is appropriate when there is no genuine issue of material fact to be decided by the trier of fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); see Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir.), cert. denied, 115 S. Ct. 67 (1994). Any disputed fact of disagreement in the evidence must be construed in the light most favorable to the non-moving party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). We review a district court's grant of summary judgment de novo. See Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162, 1167 (4th Cir. 1988).

Federal courts are required to give a judgment of the rendering court the same full faith and credit as that judgment would have in the rendering state. Specifically, 28 U.S.C. § 1738 provides that "[a]cts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law

_____

of action accrued and New York state. See N.Y. Civ. Prac. L. & R. § 202 (McKinney 1990). Section 202 provides that:

> An action based upon a cause of action accruing without the state cannot be commenced after the expiration of the time limited by the laws of either the state or the place without the state where the cause of action accrued, except that where the cause of action accrued in favor of a resident of the state the time limited by the laws of the state shall apply.

3

or usage in the courts of such State, Territory or Possession from which they are taken."

New York "treats a dismissal on statute of limitations grounds as a final judgment on the merits for <u>res judicata</u> purposes." <u>Bray v. New York Life Ins.</u>, 851 F.2d 60, 64 (2d Cir. 1988). Therefore, the district court properly applied section 1738 and New York law when it granted defendants' motion for summary judgment.

Accordingly, we affirm on the reasoning of the district court.

<u>AFFIRMED</u>

4