Janis M. BURKE, Plaintiff,

v.

The STATE OF NEW YORK, Richard Moon, Individually and in his Official Capacity as Director of Human Resources of New York State Office of Mental Retardation and Developmental Disabilities, Rome Developmental Disabilities Service Office (N.Y.SOMRDD/Rome DDSO), Barbara Lohr, Individually and in her Official Capacity as Supervisor (CRD) at Rome DDSO, Defendants.

No. 96-CV-1499.

United States District Court, N.D. New York.

Oct. 27, 1998.

Robert P. Moran, Utica, NY, for Plaintiff.

Dennis C. Vacco, Attorney General of the State of New York, Albany, NY, for Defendants; Roger W. Kinsey, Ellen Lacy Messina, Asst. Attys. Gen., of counsel.

## MEMORANDUM–DECISION AND ORDER

MUNSON, Senior District Judge.

Plaintiff filed a verified complaint with the New York State Division of Human Rights ("NYSDHR") on June 30, 1993. On April 2, 1996, the "NYSDHR" decided The Plaintiff did not establish violations of the applicable laws.

On March 11, 1993, Plaintiff filed a complaint with the United States Equal Employment Opportunity Commission ("EEOC"). On July 12, 1996, the EEOC advised Plaintiff that its inquiry found no transgressions of the pertinent statutes.

Plaintiff next filed an Article 78 petition in New York State Supreme Court, Oneida County, asking that the decision of the NYSDHS be overturned. In his judgment dated April 3, 1997, Oneida County Supreme Court Justice John L. Murad found that NYSDHS' decision of "no probable cause" was rationally based and was neither arbitrary or capricious. Judge Murhad's Decision and Order was filed in the Oneida County Clerk's Office on April 18, 1997, and plaintiff filed a notice of appeal on May 15, 1997. When plaintiff did not prefect her appeal, it was automatically dismissed on February 9, 1998.

Plaintiff filed the current action on September 13, 1996, in the United States District Court for the Northern District of New York, naming as defendant the New York State Office of Mental Retardation and Developmental Disabilities, Rome Development Disabilities Service Office. An answer to the complaint was filed on December 9, 1996. In her complaint, Plaintiff alleges that defendants had violated Title VII of the Civil Right Act of 1964, as amended, codified at 42 U.S.C. § 2000e, *et seq.*, and the Civil Rights Act of 1991, for employment discrimination based on race, color, religion, sex or national origin. Plaintiff claimed defendants' conduct was discriminatory with respect to her race or color and included retaliation, harassment, mental abuse, emotional distress, false charges of employee misconduct and, ultimately, termination of employment.

Plaintiff appeared *pro se* in her case from its inception until September 15, 1997, when Magistrate Judge Hurd appointed Robert P. Moran, Jr., Esq., of Utica, New York, to represent her. An Amended Uniform Pretrial Order was filed on October 25, 1997. Paragraph 5 of the Order stated **"Amendment of Pleadings"**: Any application to amend any pleading in this action shall be made on or before *December 31, 1997.* (Emphasis in original). Without notifying the defendants or seeking leave of court, attorney Moran filed an amended complaint on **December 31, 1997.** Defendants rejected the amended complaint, but Magistrate Hurd subsequently gave permission for its filing during a discovery teleconference on April 13, 1998.

The amended complaint replaced the original defendants with the State of New York, Richard Mood, Individually and in his Official Capacity as Director of Human Resources of NYSOMRDD/Rome DDSO, and Barbara Lohr, Individually and in her Official Capacity as supervisor ("CRD") at Rome DDSO. The amended complaint alleged violations of the identical statutes set forth in plaintiff's original complaint, Title VII codified as 42 *U.S.C.* § 2000e *et seq.,* etc. Defendants interposed an answer to the amended complaint on May 1, 1998.

Defendants filed their present motion for judgment on the pleadings on July 31, 1998. Plaintiff filed opposition to the motion and cross moved for leave to amend the complaint.

## DISCUSSION

When considering a Rule 12(c) motion for judgment on the pleadings, the court must "view the pleadings in the light most favorable to, and draw all inferences in favor of the nonmoving party. A motion for judgment on the pleadings is treated as if it were a motion to dismiss." *National Association of Pharmaceutical Manufacturers, Inc. v. Ayerst Laboratories,* 850 F.2d 904, 909 n. 2 (2d Cir.1988).

The preclusive effect of a state court action in a subsequent federal action is determined by the rules of the state where the prior action occurs. In the instant case, plaintiff's appeal from the denial of her Article 78 petition was dismissed by the Appellate Division (4th Dept.) on February 9, 1998, for failure to perfect. New York courts would give such a dismissal *res judicata* effect because New York considers a dismissal on statute of limitations grounds "at least sufficiency close to a decision on the merits to bar a second action." *Bray v. New York Life Insurance,* 851 F.2d 60, 64 (2d Cir.1988), (*quoting Kirkland v. City of Peekskill,* 828 F.2d 104, 109 (2d Cir.1987)).

New York courts perceive such a dismissal on the merits because a statute of limitations is a legislative limit on a party's

capacity to initiate an action. *United States v. Kubrick,* 444 U.S. 111, 117, 100 S.Ct. 352, 356–57, 62 L.Ed.2d 259 (1996). A dismissal upon a statute of limitations constitutes a final resolution of the party's remedy in that it "bars the remedy sought to be enforced and terminates the right of access to the courts for the enforcement of the existing right." *EFCO Corporation v. U.W. Marx,* 124 F.3d 394 (2d Cir.1997)(*quoting Consolidated Rail v. Primary Indus. Corp.,* 868 F.Supp. 566, 576 (S.D.N.Y.1994)).

■ In New York, *res judicata* applies not only to the parties involved in the prior litigation, but to those in privity with them, which include "successors to a property interest, those who control an action although not formal parties to it, those whose interests are represented by a party to the action, and possibly co-parties to a prior action." *Ferris v. Cuevas,* 118 F.3d 122, 126 (2d Cir.1997)(*quoting Watts v. Swiss Bank Corp.,* 27 N.Y.2d 270, 317 N.Y.S.2d 315, 320, 265 N.E.2d 739 (1970)). The New York *res judicata* doctrine also prohibits a party from litigating any claim which could have been raised in a previous suit, even if it was not actually raised or decided. *See Maharaj v. Bankamerica Corp.,* 128 F.3d 94, 97 (2d Cir. 1997).

In *University of Tennessee v. Elliott,* 478 U.S. 788, 106 S.Ct. 3220, 92 L.Ed.2d 635 (1986), the Supreme Court held that an unreviewed administrative fact-finding did not have preclusive effect in a Title VII case. The Second Circuit found in *Bray* that the decision in *Elliott* did not preclude a federal district court from giving *res judicata* effect to a New York state judgment dismissing, on statute of limitations grounds, a petition for a review of the merits of a state administrative proceeding. 851 F.2d at 64. The circuit court concluded that *Elliott* did not create an exception to the rule established in *Kremer v. Chemical Construction Corp.,* 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982), which requires a federal court to give preclusive effect to state judgments whenever the courts of that state would do so. *Bray,* 851 F.2d at 62.

■ Plaintiff contends that the New York *res judicata* doctrine should not be applied to her case. She maintains that when she filed her action in federal court, the provision of § 300 of the New York State Executive Law divested the state court of jurisdiction and, therefore, her Article 78 proceeding should have been dismissed and the state law ramifications of her failure to prefect her appeal from the result of the Article 78 proceeding should not be considered by this court. Plaintiff's contention is without merit. State and federal laws pertaining to employment discrimination permit simultaneous claims in both state and federal forums. *Westphal v. Catch Ball Products Corp.,* 953 F.Supp. 475, 480 (S.D.N.Y.1997); *State Division of Human Rights v. County of Monroe,* 88 Misc.2d 16, 386 N.Y.S.2d 317, 319–20 (1976).

In view of the rulings of the New York courts regarding the preclusive effect of missing a statute of limitations deadline, the extent of the New York *res judicata* doctrine and circumstances to which it applies, the requirement that Federal courts must give preclusive effect to state court judgments whenever the courts of that state would do so, and the Second Circuit's holding in *Bray,* the defendants' motion for judgment on the pleadings will be granted.

■ The status of plaintiff's cross motion is somewhat confusing. As previously noted, plaintiff did file an amended complaint on December 31, 1997, without authorization. Although defendants' initially rejected this complaint, Magistrate Hurd later granted permission for its filing, and defendants interposed an answer. Apparently plaintiff feels that the filing of the amended complaint and answer may have been procedurally defective and now seeks to correct any shortcomings in the process retroactively.

Plaintiff did not attach a copy of the proposed amended complaint to her motion as required by Local Rule 15.1, so the court will consider the previously incorrectly filed amended complaint as the one she requests the court to now accept.

■ Plaintiff's motion papers declare that the amended complaint will be brought against defendants New York State, Moon

and Lohr under the Civil Rights Act of 1991. *See* Title 42 U.S.C. § 1981(c). This declaration plainly establishes that granting leave to file an amended complaint would be futile, which runs afoul of *Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 229, 9 L.Ed.2d 222 (1962)(if proposed amendment would constitute, *inter alia,* "futility of amendment," leave to amend complaint should not be given). This statute was also pled in the original complaint and these claims are now precluded because they were presented in the New York state proceedings. *See DeCintio v. Westchester County Medical Center,* 821 F.2d 111, 116–17 (2d Cir.), *cert. denied,* 484 U.S. 965, 108 S.Ct. 455, 98 L.Ed.2d 395 (1987). Section 1981 provides no greater or lesser protection against discriminatory practices than Title VII. *Wrenn v. New York State Office of Mental Health,* 771 F.Supp. 594, 599 (S.D.N.Y.1991), *aff'd.* 962 F.2d 1 (2d Cir. 1992).

## CONCLUSION

Based upon the foregoing, Plaintiff's motion to amend the complaint is **denied,** and Defendants' motion for judgment on the pleadings is **granted** and the complaint **dismissed.**

**IT IS SO ORDERED.**