Germelia JOSEPH, Plaintiff,

v.

HDMJ RESTAURANT, INC., George Athanasopoulos, Gus Athanasopoulos, and Peter Athanasopoulos, Defendants.

No. 09–CV–00240 (JS)(AKT).

United States District Court, E.D. New York.

Oct. 19, 2009.

Germelia Joseph, Baldwin, NY, pro se.

David S. Feather, Esq., The Law Offices of David S. Feather, Garden City, NY, for Defendants.

## MEMORANDUM AND DECISION

SEYBERT, District Judge:

Plaintiff Germelia Joseph, *pro se*, filed suit against Defendants under Title VII, the Americans with Disabilities Act, the New York State Human Rights Law and the New York Labor Law, alleging national origin, race, sex and disability discrimination, hostile work environment and retaliation. Defendants have moved to dismiss on *res judicata* grounds. The Individual Defendants have also filed a separate partial motion to dismiss, on the grounds that there is no individual liability under Title VII or the ADA. For the foregoing reasons, Defendants' motion is GRANTED IN PART AND DENIED IN PART. The Individual Defendants' motion is GRANTED.

## BACKGROUND

Plaintiff worked for Defendant HDMJ Restaurant as a waitress between March 2004 and January 2006. Comp. at § 5, § 8 at p. 1. Plaintiff alleges that Defendants George, Gus and Peter Athansopoulos ("Individual Defendants") were HDMJ's partial owners and supervised Plaintiff during her employment there.

Plaintiff alleges that, throughout her employment, the Individual Defendants constantly made derogatory racial comments to her, and frequently demanded that Plaintiff fellate them. Compl. § 8 at p. 3. Plaintiff alleges that, at one point, this harassment got so bad that Defendant Peter Athansopoulos pulled a knife out of his pocket and threatened to cut her throat

unless she fellated him. Compl. § 8 at p. 3–4. Plaintiff further alleges that, when she complained about sexual harassment from a fellow employee (who also, allegedly, requested oral sex from her), Defendants punished her by sending her home and suspending her for 12 days. Compl. § 8 at p. 4.

On January 22, 2006, Plaintiff claims that Defendant Peter Athansopoulos pulled her "with force downstairs to the [restaurant's] basement" where he screamed at her and insulted her. Compl. § 8 at p. 4. That afternoon, Plaintiff claims that she complained to Defendant Gus Athansopoulos regarding Peter's conduct. *Id.* The next day, Plaintiff was fired. *Id.* at p. 5.

On March 7, 2006, Plaintiff filed a Complaint with the New York State Division of Human Rights, charging HDMJ with discrimination in violation of N.Y. Exec. L. Art. 15, the New York Human Rights Law. *See Joseph v. HDMJ Restaurant, Inc.*, Case No. 10110548 at p. 1 (N.Y.S.D.H.R. June 8, 2008) (Protano, A.L.J.) (attached as Def. Ex. C). On April 12, the New York State Division of Human Rights held a public hearing. *Id.* at p. 2. HDMJ failed to appear at this hearing, and an Order After Hearing was issued against it that awarded Plaintiff relief. *Id.* HDMJ appealed this Order, and the New York Supreme Court, Nassau County, eventually vacated it and remanded the case for further proceedings. *Id.* Following remand, Administrate Law Judge Thomas S. Protano held public hearings on Plaintiff's Complaint on January 16–17, 2008. *Id.* Both parties appeared at these hearings, with Plaintiff being represented by an attorney from the New York State Division of Human Rights. *Id.*

Considering all the testimony and evidence presented, Administrative Law Judge Protano issued a report and recommendation which concluded that Plaintiff's claims were not credible. Among other things, A.L.J. Protano found that: (1) Peter Athansopoulos did not demand fellatio at knife-point and, in fact, did not carry a knife on his person; (2) Plaintiff's former co-workers denied seeing any harassing behavior and, instead, testified that the Athansopoulos brothers treated their employees like "family"; (3) when Plaintiff complained about sexual harassment from a fellow employee, George Athansopoulos suspended her *with pay* while he investigated the incident and, upon confirming Plaintiff's story, fired the harassing employee and reinstated Plaintiff; (4) Peter Athansopoulos "credibly denied" pulling Plaintiff down a flight of stairs; (5) Plaintiff was fired after repeated instances of her screaming or otherwise acting inappropriately at work. *Id.* at 2–5. A.L.J. Protano also concluded that HDMJ's hiring and employment practices (including employing a diverse workforce, holding Plaintiff's job for her while she recovered from an injury and firing the employee who harassed her) were inconsistent with Plaintiff's discrimination, harassment and retaliation claims. *Id.* at 7. And he found that Plaintiff was fired for legitimate non-discriminatory reasons: "her loud disruptive behavior" and "because of the problems she had caused attempting to serve every customer in the Restaurant on January 23, 2006." *Id.* at 7–8.

After considering all objections to A.L.J. Protano's recommendations, on July 30, 2008, the Hon. Galen D. Kirkland, Commissioner, issued a Final Order on behalf of the New York State Division of Human Rights adopting A.L.J. Protano's report and recommendation and dismissing Plaintiff's Complaint. *See Joseph v. HDMJ Restaurant, Inc.*, Case No. 10110548 (N.Y.S.D.H.R. July 30, 2008) (Kirkland, Commissioner) (attached as Def. Ex. D).

On October 22, 2008, Plaintiff commenced an Article 78 proceeding in New York Supreme Court, Nassau County, to overturn the NYSDHR's findings. (Def. Ex. E). But on March 9, 2009, the New York Supreme Court, Nassau County, dismissed Plaintiff's case as time-barred, because Plaintiff failed to commence it within 60 days after receiving the NYSDHR's final decision. (Def. Ex. F).

On January 20, 2009, while her Article 78 petition remained pending, Plaintiff commenced this suit.

## DISCUSSION

### I. *Standard of Review*

In deciding motions to dismiss brought under Fed.R.Civ.P. 12(b)(6), the Court applies a "plausibility standard," which is guided by "[t]wo working principles," *Ashcroft v. Iqbal,* —— U.S. ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); *Harris v. Mills,* 572 F.3d 66, 72 (2d Cir.2009). First, although the Court must accept all of a complaint's allegations as true, this "tenet" is "inapplicable to legal conclusions"; thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Harris,* 572 F.3d at 72 (quoting *Ashcroft*). Second, only complaints that state a "plausible claim for relief" survive a motion to dismiss, and determining whether a complaint does so is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* That being said, courts "remain obligated to construe a *pro se* complaint liberally." *Id.*

Even if not incorporated in a complaint, the Court may take judicial notice of judgments entered in prior proceedings, and dismissal under Rule 12(b)(6) is appropriate if "it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law." *Conopco, Inc. v. Roll Intern.,* 231 F.3d 82, 86 (2d Cir.2000) (taking judicial notice of a final judgment entered by the California Superior Court).

### II. *Res Judicata*

#### A. *Plaintiff's Title VII Claim*

Defendants argue that Plaintiff's claims are barred due to *res judicata,* relying heavily on *Bray v. New York Life Ins.,* 851 F.2d 60 (2d Cir.1988). In *Bray,* the Second Circuit held that when a plaintiff litigates an employment discrimination case before the NYSDHR, loses at the administrative level, and then commences an untimely Article 78 proceeding challenging the NYSDHR's findings, *res judicata* bars that plaintiff from re-litigating her claims in federal court under Title VII. *Bray* reasoned that, under *Kremer v. Chem. Const. Corp.,* 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982), "a federal court in a Title VII case must give preclusive effect to a decision of a state court upholding a state administrative agency's rejection of an employment discrimination claim." *Bray,* 851 F.2d at 62. And, reasoning that "New York treats a dismissal on statute of limitations grounds as a final judgment on the merits for *res judicata* purposes," *Bray* concluded that *res judicata* applies even when the state court dismisses an Article 78 petition for timeliness reasons, rather than due to the underlying claim's merits. *Id.* at 64. Like the plaintiff in *Bray,* Plaintiff here challenged the NYSDHR's administrative findings by commencing an untimely Article 78 petition in New York state court. Thus, Defendants argue, *Bray* requires this Court to dismiss Plaintiff's action on *res judicata* grounds.

The Court agrees that this case is factually indistinguishable from *Bray.* And, had

the Court decided Defendants' motion shortly after Defendants filed it, Defendants would have prevailed. But, on July 15, 2009, the Second Circuit issued a decision which substantially undercut *Bray*. In *Cloverleaf Realty of New York, Inc. v. Town of Wawayanda*, 572 F.3d 93, 96 (2d Cir.2009), the Second Circuit concluded that *Bray* misunderstood New York state law when it held that a dismissal for timeliness reasons qualifies as a dismissal "on the merits." In reality, *Cloverleaf Realty* explained, New York "does not depart from the traditional rule" under which "[t]he expiration of the time period prescribed in a Statute of Limitations does not extinguish the underlying right, but merely bars the remedy." *Id.* (citing *Tanges v. Heidelberg N. Am., Inc.*, 93 N.Y.2d 48, 687 N.Y.S.2d 604, 710 N.E.2d 250 (1999)). Thus, *Cloverleaf Realty* concluded, a New York state court's dismissal for untimeliness is not a "ruling on the merits" which would require courts in another jurisdiction, such as the E.D.N.Y., to afford that dismissal "claim preclusive effect." *Cloverleaf Realty of New York, Inc.*, 572 F.3d at 95.

*Cloverleaf Realty* did not concern a plaintiff who filed an untimely Article 78 petition challenging a New York state agency's administrative findings. Instead, it concerned whether a plaintiff who asserted time-barred state claims in a dismissed state court action could take advantage of 42 U.S.C. § 1983's longer limitations period by refiling his action as a federal case that asserted § 1983 claims. *Id.* at 94–95. Thus, it did not directly overrule Bray. And no court to

date has declined to apply Bray given Cloverleaf Realty.[1]

■ Nevertheless, *Cloverleaf Realty* appears to eviscerate the basis for *Bray's* long-standing holding that a dismissal of an Article 78 petition for untimeliness constitutes a decision "on the merits" which creates a *res judicata* bar to a subsequent Title VII suit in federal court. The Supreme Court has instructed that "unreviewed state administrative proceedings" do not have any preclusive effect on Title VII claims. *Univ. of Tenn. v. Elliott*, 478 U.S. 788, 796, 106 S.Ct. 3220, 3225, 92 L.Ed.2d 635 (1986). Likewise, administrative proceedings which a state court arguably "reviews," but then dismisses for reasons unrelated to the merits do not preclude a subsequent Title VII action. *See Njoku v. Kentucky*, 06–CV–0019, 2007 WL 403871, *2 (E.D.Ky.2007).

■ Here, the New York Supreme Court, Nassau County did not review the NYSDHR's findings of fact or conclusions of law. It merely dismissed Plaintiff's Article 78 petition because Plaintiff failed to commence it within 60 days after the NYSDHR's final determination. Under *Cloverleaf Realty*, such a dismissal is not "on the merits" and thus, not entitled to "claim preclusive effect." *Cloverleaf Realty*, 572 F.3d at 95; *see also Esquire Trade & Finance, Inc. v. CBQ, Inc.*, 562 F.3d 516, 520 (2d Cir.2009) ("The doctrine of res judicata bars later litigation if an earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving

---

1. At least one Second Circuit district court case has continued to apply *Bray,* post-*Cloverleaf Realty. See DaCosta v. Union Local 306,* 08–CV–2470, 2009 WL 2986388, *7 (S.D.N.Y. Aug. 12, 2009) ("In New York, a dismissal on statute of limitations grounds is considered "a final judgment on the merits for res judicata

purposes." ") (quoting *Bray* ) (Maas, M.J.). But this decision did not cite *Cloverleaf Realty.* And, as it was decided only a few weeks after *Cloverleaf Realty* was issued, it is likely that *Cloverleaf Realty* was not brought to Magistrate Judge Maas' attention.

the same cause of action.") (internal citations and quotations omitted); *People ex rel. Spitzer v. Applied Card Systems, Inc.,* 11 N.Y.3d 105, 122, 894 N.E.2d 1, 12, 863 N.Y.S.2d 615, 626 (N.Y.2008) ("In New York, res judicata, or claim preclusion, bars successive litigation based upon the 'same transaction or series of connected transactions' if: (i) there is a judgment on the merits rendered by a court of competent jurisdiction, and (ii) the party against whom the doctrine is invoked was a party to the previous action, or in privity with a party who was.") (internal citations and quotations omitted).

Accordingly, the Court finds that *res judicata* does not bar Plaintiff's Title VII claim.

### B. *Plaintiff's ADA Claim*

 *Bray* and its progeny concern Title VII. These cases do not directly address ADA claim preclusion based on state administrative proceedings. However, in *Kosakow v. New Rochelle Radiology Associates, P.C.,* 274 F.3d 706, 735 (2d Cir.2001) the Second Circuit stated, in dicta, that state administrative findings have "no effect on subsequent federal litigation" brought under the ADA. Applying this dicta, Second Circuit district courts have concluded that "state administrative proceedings not reviewed by state court do not have preclusive effect on an ADA claim." *Greenberg v. New York City Transit Authority,* 336 F.Supp.2d 225, 241 (E.D.N.Y. 2004); *see also Ragusa v. United Parcel Service,* 05–CV–6187, 2008 WL 612729, *5 (S.D.N.Y.2008) (collecting cases). This Court agrees. Thus, just as *res judicata* does not bar Plaintiff's Title VII claim, it likewise does not preclude Plaintiff's ADA claim.

### C. *Plaintiff's State Law Claims*

 The situation is different with respect to Plaintiff's New York Human Rights Law claims. The Supreme Court has "long favored application of the common-law doctrines of collateral estoppel (as to issues) and res judicata (as to claims) to those determinations of administrative bodies that have attained finality." *Astoria Federal Sav. and Loan Ass'n v. Solimino,* 501 U.S. 104, 107, 111 S.Ct. 2166, 115 L.Ed.2d 96 (1991). Title VII (and the ADEA), are exempt from this general principle only because, in writing these statutes, Congress specifically intended for administrative findings to not have full claim or issue preclusion effect. *Id.* at 110, 111 S.Ct. 2166 (citing *Elliott,* 478 U.S. at 795, 106 S.Ct. 3220, and *Kremer,* 456 U.S. at 470, 102 S.Ct. 1883). But Congress did not write the New York Human Rights Law. And New York does afford the NYSDHR's determinations *res judicata* affect on subsequent proceedings stemming from the same circumstances and events. *See Bolecek v. Board of Educ. of City of New York,* 289 A.D.2d 328, 328, 734 N.Y.S.2d 494 (2d Dep't 2001) (affirming dismissal because "[t]he claims raised by the petitioner in his current application were either raised in the prior proceeding before the State Division or the CPLR article 78 proceeding"). Because *res judicata* precludes Plaintiff from bringing her state law claims in state court, she likewise cannot assert them here. Consequently, Plaintiff's New York Human Rights Law and New York Labor Law claims are dismissed.

### III. *Personal Liability*

██ The Individual Defendants have also moved to dismiss on the grounds that there is no individual liability under Title VII or the ADA. They are correct. *See Patterson v. County of Oneida, N.Y.,* 375 F.3d 206, 221 (2d Cir.2004) ("individuals are not subject to liability under Title

VII") (internal citations and quotations omitted); *Jiggetts v. Diaz,* 02–CV–8959, 2009 WL 749575, *1 n. 1 (S.D.N.Y.2009) (no individual liability under ADA); *Spiegel v. Schulmann,* 03–CV–5088, 2006 WL 3483922, *20 (E.D.N.Y.2006) ("It is well settled that an individual may not be held personally liable under the ADA") (internal citation and quotation omitted). Plaintiff contends that, because the Individual Defendants are allegedly HDMJ's co-owners, they can face individual liability as "employers." Pl. Opp. Br. at 2. But the law recognizes no such exception to the individual liability doctrine. *See Velasquez v. Mirv Coffee, Inc.,* 96–CV–5464, 1996 WL 706910, *1 (S.D.N.Y.1996) (rejecting that business owners qualify as "employers" under Title VII); *Leykis v. NYP Holdings, Inc.,* 899 F.Supp. 986, 990 (E.D.N.Y. 1995) (same). Thus, the Title VII and ADA claims asserted against the Individual Defendants are dismissed.

## IV. *Interlocutory Appeal*

If the Court's order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation," the Court may certify an immediate interlocutory appeal to the Second Circuit, enabling the Second Circuit, "in its discretion," to take such an appeal. *See* 28 U.S.C. § 1292(b). The Court believes this is the case here. In the Court's opinion, *Cloverleaf Realty of New York, Inc.* appears to eviscerate *Bray's* holding. But *Cloverleaf Realty* did not directly overrule *Bray,* and it is possible that the Second Circuit did not intend *Cloverleaf Realty's* holding to extend as far as this Court has understood it. Thus, if Defendants ask the Court to certify an interlocutory appeal of its decision denying, in part, Defendants' motion to dismiss predicated on *res judicata,* the Court would look upon such a request favorably. Defendants have seven days from the receipt of this opinion to file such a request.

### CONCLUSION

Defendants' motion to dismiss predicated on *res judicata* is GRANTED IN PART AND DENIED IN PART. It is GRANTED with respect to Plaintiff's New York Human Rights Law and New York Labor Law claims. It is DENIED with respect to Plaintiff's Title VII and ADA claims. Defendants have seven days to request that the Court certify an interlocutory appeal of this Order, and, if filed within the time provided, the Court will consider such a request favorably.

The Individual Defendants' motion to dismiss, predicated on no individual liability under Title VII and the ADA, is GRANTED.

Having dismissed the Title VII and ADA claims against the Individual Defendants, and the New York state law claims in their entirety, the Clerk of the Court is ordered to terminate Defendants George, Gus and Peter Athansopoulos as Defendants in this action.

SO ORDERED