OPINION OF THE COURT
 

 Bellacosa, J.
 

 This Court is asked, within the boundaries of a certification from the United States Court of Appeals for the Second Circuit, to answer the question whether Connecticut General Statutes § 52-577a bars plaintiffs products liability lawsuit. The case was lodged in the Federal District Court for the Southern District of New York and its dismissal there took the case on appeal to the Second Circuit Court of Appeals.
 

 New York State’s choice of law principles point the way to the conclusion that the pertinent Connecticut statute (which
 
 *52
 
 incorporates a repose provision into the State’s codified products liability law) is a part of that neighboring State’s substantive law.
 

 I.
 

 In November 1983, Danbury Printing and Litho, Inc. bought a printing press manufactured by defendants Heidelberg
 
 et al.
 
 and installed that press in its Danbury, Connecticut plant. Ten years and three months later, plaintiff Tanges, a New York resident employed by Danbury Printing, sustained serious injuries while operating the press. He was awarded workers’ compensation benefits.
 

 Tanges also started a products liability action, premised on diversity of jurisdiction, against defendants in Federal court. Danbury Printing intervened as an additional plaintiff, seeking to recover the payments it had made to, or on behalf of, Tanges under Connecticut’s Workers’ Compensation Act. Defendants answered and moved for summary judgment. They urged dismissal of Tanges’s complaint as time-barred by Connecticut General Statutes § 52-577a.
 

 The District Court held that, under New York State’s choice of law rules, a New York court would apply section 52-577a to this case as a part of the substantive law of Connecticut. Because the claim was brought more than 10 years after the injury-inflicting press left the possession and control of defendants, the District Court ruled that the claim was barred by Connecticut General Statutes § 52-577a
 
 (Tanges v Heidelberg N. Am.,
 
 US Dist Ct, SD NY, Brieant, J., 97 Civ 00731). The court granted summary judgment and dismissed the complaint.
 

 When plaintiff appealed, the United States Court of Appeals for the Second Circuit certified the following question to this Court: “Does Connecticut General Statutes § 52-577a bar Tang-es’s claim brought in the Southern District of New York?” (NY Const, art VI, § 3 [b] [9]; 22 NYCRR 500.17;
 
 see also,
 
 Local Rules of 2d Cir § 0.27.) Our answer is in the affirmative.
 

 II.
 

 Connecticut General Statutes § 52-577a provides, in pertinent part:
 

 “Limitation of action based on product liability claim
 

 “(a) No product liability claim as defined in section
 
 *53
 
 52-572m shall be brought but within three years from the date when the injury, death or property damage is first sustained or discovered or in the exercise of reasonable care should have been discovered
 
 except that,
 
 subject to subsections (c), (d) and (e),
 
 no such action may be brought against any party nor may any party be impleaded pursuant to subsection (b) later than ten years from the date that the party last parted with possession or control of the product”
 
 (emphasis added).
 

 For this Court to answer the certified question, we must first address whether Connecticut’s section 52-577a is considered procedural or substantive for the purpose of New York choice of law analysis
 
 (see, e.g., Oltarsh v Aetna Ins. Co.,
 
 15 NY2d 111, 115;
 
 see also,
 
 Weintraub, Conflict of Laws § 3.2, at 47 [3d ed]). The classification of section 52-577a is the key analytic step because “under common-law rules matters of procedure are governed by the law of the forum”
 
 (Martin v Dierck Equip. Co.,
 
 43 NY2d 583, 588;
 
 see, Kilberg v Northeast Airlines,
 
 9 NY2d 34, 41). On the other hand, matters of substantive law fall within the course charted by choice of law analysis
 
 (see, Oltarsh v Aetna Ins. Co., supra,
 
 15 NY2d, at 115; Weintraub, Conflict of Laws § 3.2C, at 53 [3d ed]; 1943 Report of NY Law Rev Commn, at 143).
 

 Before proceeding to classify section 52-577a, however, we should address plaintiffs threshold argument that New York’s borrowing statute, CPLR 202, precludes the application of Connecticut’s section 52-577a to his claim regardless of its classification. CPLR 202 provides in part that “where the cause of action
 
 accrued
 
 in favor of a resident of the state the time limited by the laws of the state shall apply” (emphasis added).
 

 For plaintiff to receive the alleged benefit of the resident exception in CPLR 202, a cause of action must first have accrued in his favor. Accrual is a substantive concept and, therefore, the question whether a cause of action accrued in plaintiffs favor reverts tautologically back to the inquiry whether section 52-577a is a part of Connecticut’s substantive law. If it is substantive, Connecticut law also applies as to whether a cause of action ever accrued in plaintiffs favor. Thus, if section 52-577a is determinative of the accrual issue, it has the effect of “preventing what might otherwise have been a cause of action
 
 from ever arising”
 
 (4 American Law of Products Liability 3d § 47:55, at 88 [emphasis added]), rendering CPLR 202 inapplicable to plaintiffs claim.
 

 
 *54
 
 At the next level of argument and analysis, plaintiff urges that New York should, in any event, categorize section 52-577a as procedural because the Supreme Court of Connecticut has indicated that it considers its State’s enactment as procedural in nature
 
 (see, Baxter v Sturm, Ruger & Co.,
 
 230 Conn 335, 342-344, 345, n 6, 644 A2d 1297, 1300, 1301, n 6 [1994];
 
 Champagne v Raybestos-Manhattan, Inc.,
 
 212 Conn 509, 525-527, 562 A2d 1100, 1110 [1989]). Though this designation is instructive and should not be ignored, plaintiff’s proffer fails to come to grips with the basic precept that “ ‘the law of the forum normally determines for itself whether a given question is one of substance or procedure”
 
 (Kilberg v Northeast Airlines, supra,
 
 9 NY2d, at 41;
 
 see,
 
 Restatement [Second] of Conflict of Laws § 7; Leflar, American Conflicts Law §§ 121, 127 [4th ed]; Goodrich and Scoles, Conflict of Laws § 81, at 143). So, ironically in this respect, the forum State (New York) must start with its own law, not the preference of the State (Connecticut) to which the statute in issue belongs.
 

 Because New York is the forum State, we must look to New York choice of law rules to determine whether the nature and effect of Connecticut General Statutes § 52-577a is procedural or substantive
 
 (see, Oltarsh v Aetna Ins. Co., supra,
 
 15 NY2d, at 116;
 
 Kilberg v Northeast Airlines, supra,
 
 9 NY2d, at 41;
 
 see also, McCarthy v Bristol Labs.,
 
 86 AD2d 279, 283). New York is not bound by, and principles of comity do not prompt this Court to adopt, the choice of law classification that the Supreme Court of Connecticut may have selected for section 52-577a
 
 (compare, Baxter v Sturm, Ruger & Co.,
 
 230 Conn 335, 644 A2d 1297,
 
 supra
 
 [tellingly, Connecticut rejected Oregon’s classification of an Oregon statute of repose];
 
 Champagne v Raybestos-Manhattan, Inc., supra).
 
 Simply deferring to Connecticut’s approach would contradict standard choice of law principles that require independent forum State analysis, and would render the Second Circuit’s certified question to this Court superfluous. As the Second Circuit observed in its order certifying the choice of law question to the Supreme Court of Connecticut in
 
 Baxter,
 
 “decisions by courts in other jurisdictions about the proper characterization of statutes of repose in the choice of law context are not controlling * * *
 
 because district courts in diversity cases must apply the choice of law rules of the forum state” (Baxter v Sturm, Ruger & Co.,
 
 13 F3d 40, 43 [2d Cir] [emphasis added]).
 

 In New York, Statutes of Limitation are generally considered procedural because they are “[v]iewed as pertaining to the
 

 
 *55
 
 remedy rather than the right”
 
 (Martin v Dierck Equip. Co., supra,
 
 43 NY2d, at 588). The expiration of the time period prescribed in a Statute of Limitations does not extinguish the underlying right, but merely bars the remedy
 
 (see, Hulbert v Clark,
 
 128 NY 295, 297). Nicely summarized elsewhere, “[t]he theory of the statute of limitations generally followed in New York is that the passing of the applicable period does not wipe out the substantive right; it merely suspends the remedy” (Siegel, NY Prac § 34, at 38 [2d ed]).
 

 To the extent that section 52-577a (a) provides that no products liability claim “shall be brought but within three years from the date when the injury, death or property damage is first sustained or discovered,” it resembles a typical Statute of Limitations
 
 (compare, e.g.,
 
 CPLR 214). Section 52-577a (a), however, does much more. It also declares that no products liability action may be brought against any party “later than ten years from the date that the party last parted with possession or control of the product.” This additional feature forges a hybrid; the statute integrates provisions of both limitation and repose
 
 (see generally, 4
 
 Frumer and Friedman, Products Liability § 25.02 [3], at 25-30.1 to 25-35).
 

 Statutes of repose are theoretically and functionally distinct from typical time limitations. The former are an increasingly common feature of comprehensive products liability codifications. States use the enhanced repose concept as a tool to alleviate the increasing cost burden borne by manufacturers and sellers seeking to obtain products liability insurance
 
 (see, 4
 
 American Law of Products Liability 3d § 47:55, at 87). Unlike the usual limitation provision, which does not begin to run until a cause of action accrues
 
 (see, e.g.,
 
 CPLR 203 [a]; CPLR 214), a statute of repose begins to run when the specified event or events takes place, regardless of whether a potential claim has accrued or, indeed, whether any injury has occurred. One commentator differentiates in this way:
 

 “Unlike statutes of limitation, that are designed to prevent plaintiffs from sleeping on their legal rights to the detriment of a defendant, repose statutes applicable in products liability cases focus on the age of a product, rather than on the plaintiffs conduct. The repose period serves as an absolute barrier that prevents a plaintiffs right of action.
 
 In other words, the period of repose has the effect of preventing what might otherwise have been a cause of ac
 
 
 *56
 

 tion from, ever
 
 arising” (4 American Law of Products Liability 3d § 47:55, at 88 [emphasis added]).
 

 The extra theoretical consequence of statutes of repose practically blocks causes of action before they even accrue. Thus, they exhibit a substantive texture, nature and consequence that distinguishes them from ordinary limitation provisions. In the vernacular of conflict of laws analysis, statutes of repose envelop both the right and the remedy
 
 (see, Hulbert v Clark, supra,
 
 128 NY, at 297;
 
 see also, 4
 
 American Law of Products Liability 3d § 47:55, at 89). The weight of authority thus accords with the conclusion that this important theoretical and practical quality pushes statutes of repose over into the substantive law class
 
 (see, 4
 
 American Law of Products Liability 3d § 47:55, at 89, for collected authorities).
 

 III.
 

 This Court has not previously considered whether statutes of repose are deemed substantive under New York choice of law principles. Moreover, the varieties of these statutes do not ordinarily come with neat, conclusive labels that distinguish between repose and limitation or some combination of both. Careful, particular and rigorous analysis is, thus, always necessary.
 

 This Court draws support for the proposition that Connecticut’s statute is one of repose and is substantive from analogous and pertinent decisions of this Court that focus on the nature of “built-in” periods of limitation. For example, we stated in
 
 Romano v Romano
 
 that:
 

 “The general rule, which has rather wide acceptance, may be simply stated:
 
 If a statute creates a cause of action and attaches a time limit to its commencement, the time is an ingredient of the cause.
 
 If the cause was cognizable at common law or by other statute law, a statutory time limit is commonly taken as one of limitations and must be asserted by way of defense” (19 NY2d 444, 447 [emphasis added];
 
 see, Morton v Maryland Cas. Co., 4
 
 NY2d 488, 493-494).
 

 A logical building block on this discrete analysis is that, even when a limitation is contained in a different statute, it may still be considered substantive if “it was directed to the newly-created liability so specifically as to warrant saying that it qualified the right” (Goodrich and Scoles, Conflict of Laws § 86,
 
 *57
 
 at 154-155 [4th ed];
 
 see,
 
 Leflar, American Conflicts Law § 127, at 350 [4th ed]).
 

 Various common-law causes of action, generally associated within the legal species of products liability causes, existed in Connecticut prior to the enactment of section 52-577a
 
 (see, Winslow v Lewis-Shepard, Inc.,
 
 212 Conn 462, 470-471, 562 A2d 517, 521). Thus, when that State’s Legislature first enacted section 52-577a as a stand-alone statute in 1976, it simply erected a limitation around the existing common-law causes
 
 (see,
 
 1976 Conn Pub Acts 76-293, § 1).
 

 In 1979, however, the Connecticut Legislature undertook a comprehensive revision and codification of that State’s products liability laws in response to the nationwide, so-called “products liability crisis”
 
 (see, Daily v New Britain Mach. Co.,
 
 200 Conn 562, 578-583, 512 A2d 893, 902-904). The nucleus of the resulting package of products liability reform legislation is section 52-572n (a). It provides that “[a] product liability claim as provided in sections 52-240a, 52-240b, 52-572m to 52-572q, inclusive, and 52-577a may be asserted and
 
 shall be in lieu of all other claims
 
 against product sellers, including actions of negligence, strict liability and warranty, for harm caused by a product” (emphasis added).
 

 The Supreme Court of Connecticut has determined that both the plain language and legislative history of section 52-572n (a) demonstrate the Connecticut Legislature’s unequivocal intention that the statute provides an exclusive remedy for harm caused by a product
 
 (see, Winslow v Lewis-Shepard, Inc., supra,
 
 212 Conn, at 469-471, 562 A2d, at 520-521 [1989];
 
 Daily
 
 v
 
 New Britain Mach. Co., supra,
 
 200 Conn, at 571, 512 A2d, at 899 [1986]). The legislative history of section 52-572n (a) particularly reveals an intent to “abolish” all of the common-law causes of action and supplant them with a single statutory products liability cause of action
 
 (see,
 
 22 Conn S Proc, Pt 14, 1979 Sess 4636-4639 [quoted in
 
 Winslow v Lewis-Shepard, Inc., supra,
 
 212 Conn, at 470-471, 562 A2d, at 520-521]).
 

 Correspondingly and integratively, the Connecticut Legislature amended and re-energized section 52-577a
 
 (see,
 
 1979 Conn Pub Acts 79-483, § 3). This revision extended the eight-year outside bar to 10 years, as it bore on the new comprehensive statutory products liability cause of action
 
 (see, id.).
 
 The legislative history is again instructive. It shows that the amendment was intended to set forth “time limits for bringing a products liability claim while previously there were varying time limits
 
 *58
 
 depending on the theory of liability. This simplifies those limits by
 
 establishing one primary time
 
 limit” (22 Conn S Proc, Pt 14, 1979 Sess 4636-4637 [quoted in
 
 Winslow v Lewis-Shepard, Inc., supra,
 
 212 Conn, at 470, 562 A2d, at 520] [emphasis added]).
 

 This Court is persuaded that the language and legislative history of Connecticut’s products liability remedy indicate that section 52-577a is so inextricably linked and integrated into the exclusive statutory cause of action “as to warrant saying that it qualified” the right to bring that kind of action (Goodrich and Scoles, Conflict of Laws § 86, at 154-155 [4th ed]). The Connecticut Legislature’s actions, thus, demonstrate an intention to make the 10-year limitation period in section 52-577a “a substantive eligibility requirement, rather than just a Statute of Limitations, a ‘mere’ proceduralism”
 
 (Matter of Smith Barney Shearson v Sacharow,
 
 91 NY2d 39, 45). To us, therefore, the pertinent section looks and acts like a substantive provision.
 

 As part of this Court’s role in assessing this matter, however, we must also ask ourselves whether our deeming the Connecticut statute as substantive treads on any policy considerations which may underlie the procedural-substantive law dichotomy
 
 (see,
 
 Restatement [Second] of Conflicts of Law § 6, comment
 
 d; id.,
 
 § 7; Leflar, American Conflicts Law § 121, at 332 [4th ed]). We answer our own query in this way: the relevant policy concerns support our analysis and convince us to dub section 52-577a as substantive.
 

 Definitively declaring the law of New York State so that New York courts, and Federal courts operating under the diversity regimen, must apply section 52-577a as part of the substantive law of Connecticut does not impose a burden on those. courts; nor does it threaten to “delay the conduct of judicial business and impair judicial efficiency” (Leflar, American Conflicts Law § 121, at 331 [4th ed]). Rather, the approach we adopt should help to discourage forum shopping, and may improve judicial efficiency and provide fair, even-handed justice to all parties. By directing the application of section 52-577a in cases like this one, we do not transgress or threaten public policy facets of New York as the forum State
 
 (see, id.,
 
 at 332).
 

 IV.
 

 It is worth noting that some criticism has been directed at the traditional analytic process that probes whether a particular statute erects procedural or substantive barriers for choice
 
 *59
 
 of law purposes
 
 (see,
 
 Weintraub, Conflict of Laws § 3.2C2, at 62 [3d ed]). Indeed, the Restatement (Second) of the Conflict of Laws, as amended in 1988, recommends the abandonment of this distinction as an analytic method. It proposes subjecting all statutory time limitations provisions to a uniform substantive choice of law analysis
 
 (see,
 
 Restatement [Second] of Conflict of Laws § 142). That analysis would require examination not only of the limited subset of policy considerations which may underlie the procedural-substantive choice of law dichotomy, but also of the larger set of general choice-influencing considerations
 
 (see generally,
 
 Leflar, American Conflicts Law § 95, at 277 [4th ed]; Cheatham and Reese,
 
 Choice of the Applicable Law, 52
 
 Colum L Rev 959).
 

 Ultimately, we are not persuaded to discard the traditional analytic framework for resolving disputes of this kind, particularly in light of the parties’ strategic litigation course which frames the arguments around that usual format. We note, in any event, that the result in this case might likely be the same under the rubric proposed by amended Restatement § 142. In this case, (a) the maintenance of plaintiffs claim would “serve no substantial interest” of New York, and (b) Connecticut is the State “having a more significant relationship to the parties and the occurrence” (Restatement [Second] of Conflict of Laws § 142 [2] [a]-[b]). Thus, section 52-577a would still apply and bar plaintiffs claim.
 

 Accordingly, for the reasons expressed in this opinion, the certified question should be answered in the affirmative.
 

 Chief Judge Kaye and Judges Smith, Levine, Ciparick, Wesley and Rosenblatt concur.
 

 Following certification of a question by the United States Court of Appeals for the Second Circuit and acceptance of the question by this Court pursuant to section 500.17 of the Rules of the Court of Appeals (22 NYCRR 500.17), and after hearing argument by counsel for the parties and consideration of the briefs and the record submitted, certified question answered in the affirmative.