WESTDEUTSCHE LANDESBANK GIROZENTRALE, Respondent, v RAYMOND J. LEARSY et al., Appellants. [726 NYS2d 556] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered November 24, 2000, which granted plaintiff's motion to dismiss defendants' counterclaims for failure to state a cause of action, unanimously affirmed, with costs.

The counterclaim for breach of contract was properly dismissed upon adequate proof that defendants have no cause of action therefor under German law since they were not party to the contracts allegedly breached (*see generally,* Palandt-Heinrichs, Burgerliches Gesetzbuch § 276 [7], at Rz 104 *et seq.* [59th ed 2000]; *id.* § 125 [c], at Rz 13, 14 [58th ed 1999]). With respect to defendants' counterclaim for "culpa in contrahendo" or fault in contractual negotiations, i.e., breach of covenant of good faith and fair dealing (*see, id.* § 276 [6], at Rz 65 *et seq.*

[59th ed]), defendants fail to substantiate their allegations with facts sufficient to satisfy the pleading requirements of CPLR 3016 (b), a matter of procedure governed by the law of the forum (cf., *Tanges v Heidelberg N. Am.*, 93 NY2d 48, 53). Defendants do not identify the exact misrepresentation made, the person who made it, or when or where it was made. Nor do they allege any specific damages caused thereby. Lack of detail also requires dismissal of the counterclaims for fraud (see, German Penal Code § 263 [1]; German Civil Code § 823 [2]) and tortious interference with prospective business relations (see, German Civil Code § 826), defendants' allegations being insufficient to show the content of the "material information" allegedly withheld, the nature of the "intractable difficulties" thereby caused them, or an intent to injure their relations with potential investors. Concur—Sullivan, P. J., Ellerin, Wallach, Rubin and Buckley, JJ.