07-3405-cv
Cloverleaf Realty of N.Y., Inc. v. Town of Wawayanda

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

------------

August Term 2008

Argued: December 8, 2008          Decided: July 15, 2009

Docket No. 07-3405-cv

-----------------------------------------------------X

CLOVERLEAF REALTY OF NEW YORK, INC. and SUNRISE PARK REALTY,

Plaintiffs-Appellants,

- against -

TOWN OF WAWAYANDA and COUNTY OF ORANGE,

Defendants-Appellees.

-----------------------------------------------------X

Before:  FEINBERG, LEVAL, and CABRANES Circuit Judges.

Appeal from an order of the United States District Court for the Southern District of New York (Charles L. Brieant, Judge) dismissing a procedural due process claim as precluded by an earlier dismissal of a similar claim by a New York state court for lack of timeliness. The Court holds that a dismissal on statute of limitations grounds by a New York court does not preclude the bringing of the same claim in another jurisdiction with a longer statute of limitations, including a federal court exercising its federal question jurisdiction.

The order of the district court is vacated, and the matter remanded for further proceedings.

JAMES G. SWEENEY, Goshen, N.Y., for Appellants.

RICHARD J. GUERTIN, Middletown, N.Y., for Defendant-Appellee Town of Wawayanda.

MARIA CONDOLUCI, Goshen, N.Y., for Defendant-Appellee County of Orange (David L. Darwin, Orange County Attorney, on the brief).

FEINBERG, Circuit Judge:

Plaintiffs Cloverleaf Realty of New York, Inc. and Sunrise Park Realty (collectively "Cloverleaf") appeal from an order of the United States District Court for the Southern District of New York (Charles L. Brieant, Judge) dismissing their complaint against defendants the Town of Wawayanda (the "Town") and the County of Orange (the "County"). We conclude that the District Court erred in dismissing the complaint as precluded by an earlier state court dismissal, and we vacate the order and remand the case to the district court for further proceedings.

**I.   Background**

Cloverleaf owns two parcels of land in Wawayanda, New York. In 2005, the Town prepared a tentative special assessment roll to fund improvements to the water and sewer district that included the parcels. Following a public hearing, the Town approved the tentative assessment roll. The Town then

-2-

transmitted the assessment roll to the County, which levied the taxes against the property owners within the district. As a result, Cloverleaf received tax bills from the County totaling $38,642.01.[1] On January 31, 2006, the last day the taxes could be paid without penalty, Cloverleaf paid the full amount under protest.

In 2006, Cloverleaf brought a declaratory judgment action against the Town and the County in a New York state court. The complaint sought to invalidate the assessments on two grounds. First, Cloverleaf argued that New York law required the assessments to be made on a "benefit basis," where taxes would be based on the proportional share of the benefit each property in the district would receive from the improvements. Instead, the assessment roll was enacted on an <u>ad</u> <u>valorem</u> basis, so that taxes were based purely on the assessed value of the properties. Second, Cloverleaf argued that procedural due process required providing actual notice of the objectors hearing by mail, and that the City's posting of a newspaper advertisement was insufficient. The state trial court found that the four-month statute of limitations contained in N.Y. C.P.L.R. 217 applied to Cloverleaf's claims, and it dismissed the complaint as untimely.

---

[1] Cloverleaf Realty of New York, Inc. was billed $28,574.39, and Sunrise Park Realty was billed $10,067.62.

-3-

Cloverleaf subsequently brought this action in the Southern District pursuant to 42 U.S.C. § 1983, again alleging that the failure to provide notice of the objectors hearing by mail violated its Fourteenth Amendment right to due process. Although this claim was essentially identical to the state court procedural due process claim, Cloverleaf sought to take advantage of the longer statute of limitations applied by federal courts to § 1983 actions against New York state officials. See Owens v. Okure, 488 U.S. 235, 251 (1989) (holding that New York's three-year statute of limitations for general personal injury actions is applicable to § 1983 actions filed in federal courts in New York). See also Jaghory v. New York State Dep't of Educ., 131 F.3d 326, 331 (2d Cir. 1997) (observing that "the statute of limitations for a claim under § 1983 that accrued in New York is three years"); Meyer v. Frank, 550 F.2d 726, 728 (2d Cir. 1977) ("[T]he three year New York statute of limitations governs [plaintiff's] instant § 1983 claim."); Romer v. Leary, 425 F.2d 186, 187 (2d Cir. 1970) ("It is now settled...that in a suit seeking declaratory and injunctive relief which is based on [§ 1983], the applicable limitation in a case arising in New York is the three year limitation...").

The District Court dismissed the action on the pleadings, concluding that the federal court claim was precluded by the

earlier state court dismissal. The district court then granted a motion by Cloverleaf to reconsider the dismissal, but ultimately adhered to its initial order. This appeal followed.

**II. Discussion**

The difficulty in this case arises from the circumstance that Cloverleaf's procedural due process claim was untimely under the law applied by the New York courts, but timely under the law applied by the federal courts. Federal courts "must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75, 81 (1983). The district court concluded that under New York preclusion law, a dismissal for lack of timeliness is treated as a judgment "on the merits," and that the claim therefore could not be litigated in another forum. Cloverleaf argues that the district court erred in failing to apply an exception to claim preclusion where the first claim was dismissed solely for lack of timeliness and the second claim is brought in another state or jurisdiction. We agree.

As the Supreme Court has recognized, "the traditional rule is that expiration of the applicable statute of limitations merely bars the remedy and does not extinguish the substantive

right, so that dismissal on that ground does not have claim-preclusive effect in other jurisdictions with longer, unexpired limitations periods." Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 504. (2001); see also 18A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 4441, at 224 (2d. ed. 2002) (noting "the general conclusion that dismissal on limitations grounds merely bars the remedy in the first system of courts, and leaves a second system of courts free to grant a remedy that is not barred by its own limitations rules"). Stated differently, unless a state's claim-preclusion law departs from the traditional rule and treats a dismissal for timeliness as a ruling on the merits of the claim, courts in another jurisdiction need not give claim-preclusive effect to a dismissal on timeliness grounds. A federal court, exercising its federal question jurisdiction, is plainly a jurisdiction separate from that of the State of New York. The remaining question, then, is whether New York's claim-preclusion law departs from the traditional rule, and instead treats a dismissal for lack of timeliness as extinguishing both the right and the remedy.

We conclude that New York law does not depart from the traditional rule. As the New York Court of Appeals explained in Tanges v. Heidelberg N. Am., Inc., 93 N.Y.2d 48 (1999), "The expiration of the time period prescribed in a Statute of

Limitations does not extinguish the underlying right, but merely bars the remedy." Id. at 55. The dismissal of Cloverleaf's procedural due process claim for lack of timeliness thus merely barred its ability to obtain relief in the courts of New York. The underlying right remains intact, and a remedy remains available in the federal courts.

Some confusion has arisen from an earlier decision of the New York Court of Appeals in Smith v. Russell Sage College, 54 N.Y.2d 185 (1981). That case affirmed the dismissal of an employment discrimination claim on claim-preclusion grounds, observing that a prior dismissal of the same claim on both statute of limitations and statute of frauds grounds was "sufficiently close to the merits for claim preclusion purposes to bar a second action." Id. at 194. We have in the past read Russell Sage as establishing that under New York law, a dismissal for lack of timeliness is a judgment "on the merits" that destroys both the right and the remedy. See EFCO Corp. v. U.W. Marx, Inc., 124 F.3d 394, 397 (2d Cir. 1997); Bray v. N.Y. Life Ins., 851 F.2d 60, 64 (2d Cir. 1988).[2]

In light of the more recent statement of its own law by the New York Court of Appeals in Tanges, such a reading of Russell Sage is no longer appropriate given the earlier case's

---

[2] Neither Bray nor EFCO binds our decision in this case, as both were decided before the New York Court of Appeals clarified the effect of a dismissal for lack of timeliness in Tanges.

-7-

ambiguity. First, the initial dismissal in Russell Sage was not merely on statute of limitations grounds, but also on statute of frauds grounds. Russell Sage, 54 N.Y.2d at 194. The Court of Appeals appears to have concluded that the two grounds *taken together* lead to a conclusion that the prior dismissal was "sufficiently close to the merits" to give it claim-preclusive effect. Id. We do not read this as a statement that a dismissal for lack of timeliness is, standing alone, a judgment "on the merits."

Second, in Russell Sage, "the motion to dismiss the first action was treated as one for summary judgment on which the court considered submissions of the parties" outside the pleadings, making claim preclusion "especially" appropriate in the eyes of the New York Court of Appeals. Id. That is not true of the matter before us.

Third, the court in Russell Sage was not confronted by the situation we face: a dismissal for lack of timeliness by a court in another jurisdiction with a shorter statute of limitations. Since that decision did not confront the question of whether a claim originally dismissed as time-barred should be precluded when later reasserted in another jurisdiction with a longer statute of limitations, it should not be understood as having settled that question.

-8-

**III. Conclusion**

We hold that dismissal of a claim solely for lack of timeliness in a New York state court does not preclude the same claim from being brought in another jurisdiction with a longer statute of limitations, including a federal court exercising its federal question jurisdiction. Accordingly, the order of the district court dismissing Cloverleaf's suit is VACATED, and the matter REMANDED for further proceedings consistent with this opinion. We express no opinion as to the County's argument that Cloverleaf's complaint failed to state a claim upon which relief may be granted, as the district court did not address this argument in its order.