09-0011-cv
Daisley v. Fedex Ground Package Sys., Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10th day of May , two thousand ten.

PRESENT: REENA RAGGI,
              PETER W. HALL,
                 *Circuit Judges.*[*]

-----------------------------------------------------------

RAWLE DAISLEY,

         *Plaintiff-Appellant*,

      v.                                  No. 09-0011-cv

FEDEX GROUND PACKAGE SYSTEM, INC.,

         *Defendant-Appellee*.

-----------------------------------------------------------

APPEARING FOR APPELLANT:     RAWLE DAISLEY, *pro se*, Elmont, New York.

APPEARING FOR APPELLEES:     JOSEPH P. MILCOFF, FedEx Ground Package System, Inc., Moon Township, Pennsylvania; Shawnda M. Grady, Blank Rome LLP, New York, New York.

Appeal from the United States District Court for the Eastern District of New York

---

[*] Judge Rosemary S. Pooler, originally assigned to this panel, did not participate in the consideration of this appeal. The remaining two members of the panel, who are in agreement, have determined this matter in accordance with Second Circuit Internal Operating Procedure E(b).

(John Gleeson, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on December 1, 2008, is AFFIRMED.

Plaintiff Rawle Daisley, pro se, appeals from the dismissal of his complaint alleging, inter alia, breach of contract by defendant FedEx Ground Package System, Inc.  We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review de novo a district court's dismissal of a complaint pursuant to Fed. R. Civ. P. 12(b)(6), construing the complaint liberally, accepting all factual allegations (but not legal conclusions) in the complaint as true, and drawing all reasonable inferences in favor of the plaintiff.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009); Goldstein v. Pataki, 516 F.3d 50, 56 (2d Cir. 2008).  The complaint must plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 129 S. Ct. at 1949.

Here, the district court correctly concluded that the New York statutes of limitations applied to plaintiff's claims.  See Stuart v. Am. Cyanamid Co., 158 F.3d 622, 626-27 (2d Cir. 1998); see also Tanges v. Heidelberg N. Am., Inc., 93 N.Y.2d 48, 53-54, 687 N.Y.S.2d 604, 605-06 (1999) (observing that (1) New York courts do not apply choice of law clauses to procedural matters, and (2) in New York, statutes of limitations are considered procedural).

2

The New York statute of limitations is six years for breach of contract claims, see N.Y. C.P.L.R. § 213(2), and three years for conversion claims, see id. § 214(3). Applying these statutes, the district court correctly concluded that plaintiff's September 15, 2008 complaint was time-barred as to his conversion claim and as to any breach of contract claim arising from events that took place before September 14, 2002, and that plaintiff did not present sufficiently extraordinary circumstances to merit equitable tolling. To the extent plaintiff contends on appeal that his complaint did not include a conversion claim, the district court did not err in dismissing a claim that plaintiff never intended to raise.

Further, we detect no error in the district court's conclusion that plaintiff's complaint was timely as to the alleged breach of contract arising from events on September 14, 2002, see Fed. R. Civ. P. 6(a)(3), or in the court's dismissal of this claim as subject to an arbitration agreement, see 9 U.S.C. §§ 3-4; Contec Corp. v. Remote Solution, Co., 398 F.3d 205, 207 (2d Cir. 2005) (affirming dismissal of suit where all claims were subject to arbitration). Finally, to the extent plaintiff argues that the district court misconstrued facts in his complaint, we note that the district court concluded that procedural rules and contractual provisions barred plaintiff from pursuing his claims before the court, not that plaintiff's allegations were meritless.[1]

---

[1] We note further that nothing in the district court's opinion prevents Daisley from pursuing his claim in arbitration. As the district court observed, any determination as to whether Daisley satisfied the requirements for initiating arbitration are for "the arbitrator and not the court to make." Daisley v. FedEx Ground Package Sys., Inc., No. 08 Civ. 4063, 2008 WL 5083009, at *4 n.5 (E.D.N.Y. Dec. 1, 2008) (citing, e.g., Howsam v. Dean Witter Reynolds, 537 U.S. 79, 84 (2002)).

We have considered plaintiff's remaining arguments on appeal and conclude that they are without merit.

Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court