13-4820-cv
*King v. New York City Employees' Retirement System*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of December, two thousand fourteen.

PRESENT:   ROBERT D. SACK,
           DENNY CHIN,
           SUSAN L. CARNEY,
                    *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DAVID KING,

    *Plaintiff-Appellant,*


   v.         13-4820-cv


NEW YORK CITY EMPLOYEES'
RETIREMENT SYSTEM (NYCERS),

    *Defendant-Appellee.*


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

FOR PLAINTIFF-APPELLANT:  DAVID KING, *pro se*, Brooklyn, New York.

FOR DEFENDANT-APPELLEE:  INGA VAN EYSDEN, Assistant Corporation Counsel, *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, New York.

Appeal from the United States District Court for the Eastern District of New York (Weinstein, *J.*).

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** in part and **VACATED** in part, and the matter is **REMANDED** for further proceedings.

Plaintiff-appellant David King, proceeding *pro se*, appeals the district court's dismissal of his complaint, which alleged that defendant-appellee New York City Employees' Retirement System ("NYCERS") wrongfully deprived him of pension benefits. The district court granted NYCERS's motion to dismiss, apparently on the basis of the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"Because *Rooker-Feldman* goes to subject-matter jurisdiction, we review de novo the district court's application of the doctrine." *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 83 (2d Cir. 2005). *Rooker-Feldman* bars litigation in federal district court by a state court loser complaining of injuries caused by a state court judgment, inviting review and rejection of that judgment, where the judgment was rendered before the district court action began. *McKithen v. Brown*, 481 F.3d 89, 97 (2d Cir. 2007).

King's action is not barred by *Rooker-Feldman* because he does not solely complain of injuries caused by a state court judgment. Rather, he complains of

NYCERS's decision to deny him Tier I benefits. That decision predates his Article 78 proceeding, "and so could not have been 'caused by' those proceedings." *McKithen*, 481 F.3d at 98; *see Hoblock*, 422 F.3d at 88 (the injury must be "produced by a state-court judgment and not simply ratified, acquiesced in, or left unpunished by it"). Therefore, *Rooker-Feldman* does not preclude King's action against NYCERS, except in one respect.

In his complaint, King challenged a decision rendered in a prior state court action dismissing his Article 78 proceeding against NYCERS as time-barred. King apparently filed a Fed R. Civ. P. 60(b)(4) motion in the district court below to "void" the state court judgment. The *Rooker-Feldman* doctrine would preclude King's efforts to void the state court judgment, but King is no longer challenging that judgment.

On remand, the district court may wish to consider a number of other defenses. First, NYCERS moved below to dismiss the complaint based on the doctrine of res judicata, but the district court apparently did not reach the question, as it held that it lacked jurisdiction to hear King's claims. Res judicata "bars a subsequent action -- involving either the same plaintiffs or parties in privity with those plaintiffs -- from asserting claims that were, or could have been, raised in a prior action that resulted in an adjudication on the merits." *Bank of N.Y. v. First Millennium, Inc.*, 607 F.3d 905, 918 (2d Cir. 2010). NYCERS argues that a state court dismissal on statute of limitations grounds is a merits decision. We have held that a New York state court time-bar dismissal does not preclude bringing the same claim in another jurisdiction with a

longer statute of limitations. *See Cloverleaf Realty of N.Y., Inc. v. Town of Wawayanda*, 572 F.3d 93, 96 (2d Cir. 2009). We have since questioned that holding, however. *See Joseph v. Athanasopoulos*, 648 F.3d 58, 67 (2d Cir. 2011) (expressing doubt that the New York State Court of Appeals had ever "'squarely addressed' whether a New York court's judgment dismissing a case based on the expiration of a New York limitations period should have preclusive effect in another jurisdiction with a longer, unexpired limitations period"). If the district court is going to rely on the doctrine of res judicata, it must address this question.

Second, even assuming King is not precluded from pursuing his federal due process claim, there exists a question as to the timeliness of any such claim. King's due process action is governed by the three-year statute of limitations applicable to 42 U.S.C. § 1983 suits. *See Owens v. Okure*, 488 U.S. 235, 249-51 (1989) (New York's general personal injury statute of limitations applies to § 1983 claims). NYCERS denied Tier I benefits to King in 2008 and he filed the instant action in 2013, well more than three years after the denial, but the district court may wish to explore whether tolling or estoppel might apply. *See Leon v. Murphy*, 988 F.2d 303, 310 (2d Cir. 1993) (concluding that in § 1983 actions filed in New York, federal courts apply the New York rules for tolling).

Finally, even if King's suit is not barred by res judicata or the statute of limitations, he must still plead a plausible due process claim. Our Court and others

within the Circuit have held that the availability of post-deprivation Article 78 proceedings in the NYCERS pension context is generally constitutionally adequate process even where the process internal to NYCERS was not wholly adequate, or where the plaintiff failed to timely file an Article 78 complaint. *See Campo v. N.Y.C. Emps.' Ret. Sys.*, 843 F.2d 96, 102-03, 103 n.7 (2d Cir. 1988); *Minima v. N.Y.C. Emps.' Ret. Sys.*, No. 11-CV-2191, 2012 WL 4049822, at \*6-7 (E.D.N.Y. Aug. 17, 2012); *Bagedonow v. N.Y.C. Emps.' Ret. Sys.*, No. 09-CV-9603, 2010 WL 2927436, at \*3-4 (S.D.N.Y. July 16, 2010); *Pennyfeather v. N.Y.C. Emps.' Ret. Sys.*, No. 05-CV-04958, 2005 WL 3534759, at \*1 (S.D.N.Y. Dec. 21, 2005). The district court may wish to consider whether King has stated a plausible federal due process claim in light of these cases.

We affirm the district court judgment insofar as it dismissed King's claim to void the state court Article 78 judgment. We otherwise vacate the judgment and remand for further proceedings.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

- 5 -