13-4080-cv
Dekom v. Nassau County

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of December, two thousand fourteen.

PRESENT:
>ROBERT D. SACK,
>GERARD E. LYNCH,
>DENNY CHIN,
>>*Circuit Judges.*

_____

MARTIN DEKOM, JULIE DEKOM,
KENNETH JACOBY, DEBORAH JACOBY,

>*Plaintiffs-Appellants*,

>v.                                                            13-4080-cv

NASSAU COUNTY, WILLIAM BIAMONTE,
LOUIS SAVINETTI, JOHN RYAN, ESQ.,
MATTHEW KIERNAN, FRANCIS X.
MORONEY, DONALD T. O'BRIEN,
RONALD HORES, CINDY PERDIKAKIS,
JOSEPH MONDELLO, PETER BEE, JOHN
DOE 1-100,

>*Defendants-Appellees*.

_____

FOR PLAINTIFFS-APPELLANTS:    Martin Dekom, Julie Dekom, *pro se*, Manhasset, NY, Kenneth Jacoby, Deborah Jacoby, *pro se*, Oceanside, NY.

FOR DEFENDANTS-APPELLEES:    Gerald R. Podlesak, Nassau County Attorney's Office, Mineola, NY, *for* Nassau County.

Steven G. Leventhal, Leventhal, Cursio, Mullaney & Sliney, LLP, Roslyn, NY, *for* the individually named defendants-appellees.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Joanna Seybert, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs Martin Dekom, Julie Dekom, Kenneth Jacoby, and Deborah Jacoby appeal the judgment of the district court dismissing their claims brought under 42 U.S.C. § 1983 and state law. We presume familiarity with the facts and procedural history and reference them only as necessary to explain our decision.

The district court correctly dismissed plaintiffs' claims for violations of their procedural due process rights stemming from the rejection of plaintiffs' petitions for candidacy in the Nassau County Republican primary. As we held in Rivera-Powell v. N.Y.C. Board of Elections, 470 F.3d 458 (2d Cir. 2006), New York Election Law § 16-102 provides an adequate post-deprivation remedy for random and unauthorized deprivations of due process in disputes over failure to list a candidate's name on the ballot in a New York election. Id. at 465-67. Plaintiffs argue on appeal that they were entitled

2

to a pre-deprivation remedy because defendants' acts were part of an established state procedure. We did not decide in Rivera-Powell whether New York Election Law § 16-102 provides a pre-deprivation remedy, in addition to a post-deprivation remedy, because the injury to a prospective candidate does not occur until the candidate's name is not listed on the ballot on election day. See id. at 467, n.10. We need not decide that question here because plaintiffs' complaint makes clear that, in their view, defendants' actions violated New York law and local party policies and procedures, and therefore were random and unauthorized. Because New York Election Law § 16-102 provides an adequate post-deprivation remedy for precisely the injuries plaintiffs allege, plaintiffs suffered no "deprivation[] without due process of law." Id. at 464. For the same reasons that we dismissed the plaintiff's First Amendment claim in Rivera-Powell as "virtually indistinguishable from her due process claim," id. at 468-69, the district court correctly dismissed plaintiffs' First Amendment claim here.[1]

The district court also correctly dismissed plaintiffs' Equal Protection Clause claim for discrimination based on creed. Even assuming that plaintiffs' status as Republican Party "outsiders" aligned with the Tea Party could support such a claim, plaintiffs failed to allege facts that would support an inference that they were treated differently from other candidates who were similarly situated to them. As the district court noted, the

---

[1] Similarly, plaintiffs' argument that their rights as voters were infringed and cannot be remedied by New York Election Law § 16-102 is foreclosed by Rivera-Powell, wherein we rejected any notion that the plaintiff's supporters had a due process claim independent of the plaintiff's.

3

other candidates that plaintiffs identified whose petitions were accepted were either supported by a sufficient number of local voters or by members of the Nassau County Board of Elections, and therefore were not similarly situated to plaintiffs. Although the question whether other individuals are similarly situated to a plaintiff is ordinarily a question of fact, see Brown v. Daikin Am. Inc., 756 F.3d 219, 230 (2d Cir. 2014), on a motion to the dismiss, facts may be gleaned from the complaint and the exhibits attached thereto. See Peter F. Gaito Architecture, LLC v. Simone Dev. Corp., 602 F.3d 57, 64 (2d Cir. 2010). The district court therefore properly concluded, based on the Board of Elections minutes attached to the complaint, that plaintiffs' allegations of discrimination based on creed or as a "class of one" fail to plausibly state a claim.

We also affirm the district court's rejection of plaintiffs' Voting Rights Act § 11(b) claim for voter intimidation, based on one of the defendants "yelling" at Martin Dekom that the North Hempstead Republican Convention was not public, though for different reasons than those stated by the district court. See Olsen v. Pratt & Whitney Aircraft, Div. of United Techs. Corp., 136 F.3d 273, 275 (2d Cir. 1998) (noting that "we may affirm on any grounds for which there is a record sufficient to permit conclusions of law, including grounds not relied upon by the district court" (internal quotation marks omitted)).[2] Plaintiffs' complaint fails to state a claim that defendants attempted to

---

[2] Contrary to the district court's ruling, plaintiffs' claim is not barred by the Rooker-Feldman doctrine. "[F]ederal plaintiffs are not subject to the Rooker–Feldman bar unless they complain of an injury caused by a state judgment." Hoblock v. Albany County Bd. of Elections, 422 F.3d 77, 85 (2d Cir. 2005) (emphasis omitted). There is potentially divergent authority on whether the dismissal of a state cause of action by a

intimidate Dekom "for the purpose of interfering with [his] right" to vote, 52 U.S.C. § 10101(b), since the complaint alleges that Dekom sought to participate in the North Hempstead Republican Convention only as a proxy of a party member of the party, and he was permitted entry when he produced the proxy.

Because plaintiffs' federal claims under § 1983 all fail, the district court properly dismissed their claim for conspiracy to violate civil rights under 42 U.S.C. § 1985, which itself provides no substantive rights. See Traggis v. St. Barbara's Greek Orthodox Church, 851 F.2d 584, 587 (2d Cir. 1988). The district court also properly declined to exercise jurisdiction over the state law claims after determining that all the federal claims should be dismissed, and therefore properly dismissed the state law claims without prejudice. See Tops Mkts., Inc. v. Quality Mkts., Inc., 142 F.3d 90, 103 (2d Cir. 1998).

Finally, plaintiffs advanced no basis for the district judge to recuse herself, and she did not abuse her discretion in denying their motion for recusal. See In re Basciano, 542 F.3d 950, 957-58 (2d Cir. 2008). Plaintiffs' vague allusion on appeal to a conversation with a law clerk that plaintiffs considered questionable creates no possibility that "a reasonable person, knowing all the facts, [would] conclude that the . . . judge's impartiality could reasonably be questioned." United States v. Amico, 486 F.3d 764, 775 (2d Cir. 2007) (internal quotation marks omitted); see 28 U.S.C. § 455(a). We therefore

New York court on statute of limitations grounds precludes a subsequent federal suit under § 1983. Compare Cloverleaf Realty of N.Y., Inc. v. Town of Wawayanda, 572 F.3d 93, 95 (2d Cir. 2009), with Joseph v. Athanasopoulos, 648 F.3d 58, 64-67 (2d Cir. 2011). We need not resolve any tension in our precedent, however, because the dismissal of plaintiffs' Voting Rights Act claim is affirmed for the reasons set forth in the text.

5

affirm the district court's denial of plaintiffs' recusal motion.  Accord, Dekom v. New York, No. 13-2773-cv, 2014 WL 6480730, at *2 (2d Cir. Nov. 20, 2014) (summary order).

We have considered plaintiffs' remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk