**Sandeep DALAL, Appellant**

v.

**GOLDMAN SACHS & CO., INC., Appellee.**

No. 08–7057.

United States Court of Appeals, District of Columbia Circuit.

Aug. 6, 2009.

Sandeep Dalal, Houston, TX, pro se.

Robin D. Fessel, Jordan Toumey Razza, Sullivan & Cromwell LLP, New York, NY, Thomas Russell Leuba, Sullivan & Cromwell LLP, Washington, DC, for Appellee.

Before GINSBURG, HENDERSON, and TATEL, Circuit Judge.

### JUDGMENT

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's order of March 27, 2008, be affirmed. The court correctly determined that appellant's Federal Arbitration Act (FAA) claims were untimely under that statute. *See* 9 U.S.C. § 12. Contrary to appellant's assertion, the New York statute of limitations was not applicable. To be sure, in another FAA case, this circuit interpreted a choice of law provision to cover a statute of limitations, where the statute of limitations was substantive and jurisdictional under the state law named in the choice of law provision. *See Ekstrom v. Value Health, Inc.,* 68 F.3d 1391, 1395 (D.C.Cir.1995). In this case, however, New York law provides that a statute of limitations is not jurisdictional and not substantive. *Windy Ridge Farm v. Assessor of Town of Shandaken,* 11 N.Y.3d 725, 727, 864 N.Y.S.2d 794, 894 N.E.2d 1183 (2008); *see also Tanges v. Heidelberg North America, Inc.,* 93 N.Y.2d 48, 54–55, 687 N.Y.S.2d 604, 710 N.E.2d 250 (1999) ("In New York, Statutes of Limitation are generally considered procedural because they are 'viewed as pertaining to the remedy rather than the right.'") (citation omitted). Accordingly, the New York statute of limitations was not incorporated into the parties' choice of law provision.

In addition, the district court correctly determined that appellant's quantum meruit and unjust enrichment claims were barred by the doctrine of res judicata. *See Schattner v. Girard,* 668 F.2d 1366, 1368 (D.C.Cir.1982).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.