# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

Decided March 11, 2011

No. 10-7093

ARGENTINE REPUBLIC,
APPELLANT

v.

NATIONAL GRID PLC,
APPELLEE

———

Appeal from the United States District Court
for the District of Columbia
(No. 1:09-cv-00248)

———

*John P. Gleason* was on the briefs for appellant.
*Fernando O. Koatz* entered an appearance.

*Elliot Friedman* and *Alexander A. Yanos* were on the
brief for appellee. *Paul L. Yde* entered an appearance.

Before: TATEL and BROWN, *Circuit Judges*, and
SILBERMAN, *Senior Circuit Judge*.

Opinion for the Court filed PER CURIAM.

PER CURIAM: On November 3, 2008, an arbitration panel, convened pursuant to a Bilateral Investment Treaty between Argentina and the United Kingdom, determined that Argentina had violated the treaty by implementing several emergency measures in response to that nation's financial crisis. The panel found Argentina liable to National Grid Plc, which had been operating in Argentina under the auspices of the treaty, for some $53 million plus costs and interest. On November 13, 2008, Argentina received a copy of the arbitration award, thus starting the three month clock for it to serve notice of a motion to vacate or modify the award pursuant to the Federal Arbitration Act (FAA). *See* 9 U.S.C. § 12 ("Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered."); *see also* 9 U.S.C. § 10 (setting forth circumstances in which a court may vacate an arbitral award). On February 6, 2009, Argentina filed such a motion with the district court, and on February 10, three days before the February 13 deadline, it filed a motion to extend time to serve notice. The latter motion relied on Federal Rule of Civil Procedure 6(b)(1), which provides that:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Argentina argued that it would be impossible to complete service of notice within the three month period because National Grid was headquartered in the United Kingdom, and,

under the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, proper service in the U.K. required using a central governmental authority.

On February 19, six days after the February 13 deadline, Argentina and National Grid filed a joint stipulation with the district court in which National Grid "agree[d] to accept service of process of the Petition filed by [Argentina], without waiving any defenses that [National Grid] has in this action, including but not limited to defenses based on the timing of service." Subsequently, in light of the stipulation, the district court dismissed as moot the motion to extend. It then issued a final judgment denying the motion to vacate the arbitral award as untimely and granting National Grid's cross-motion to confirm the award. *Argentine Republic v. Nat'l Grid Plc*, No. 1:09-cv-00248, order at 3–4 (D.D.C. June 7, 2010) (included at J.A. 1453–54).

Argentina now appeals, arguing that National Grid forfeited its timeliness defense and that the district court erred in treating its motion to extend as moot and in ultimately finding service to be untimely. Argentina also argues that the district court erred in granting the confirmation motion without first giving Argentina the opportunity to raise defenses available under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("Convention"). *See* 9 U.S.C. §§ 201–208 (codifying the Convention); § 207 (directing the district court to grant confirmation motions "unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention").

As a threshold matter, we reject Argentina's argument that National Grid has forfeited its timeliness defense.

4

National Grid expressly preserved this defense in the joint stipulation and then raised it in its first responsive pleading. Contrary to Argentina's argument, National Grid had no obligation to raise its timeliness defense via a Rule 12(b) motion to dismiss. *See* Fed. R. Civ. P. 12(h)(1) (affirmative defenses may be raised through a Rule 12(b) motion or in the first responsive pleading).

Moving on to the merits of the timeliness defense, we review the district court's denial of the motion to vacate *de novo*. *Webster v. A.T. Kearney, Inc.*, 507 F.3d 568, 571 (7th Cir. 2007). Aside from the untimely joint stipulation, the only record evidence of service of notice is Argentina's motion to extend time to serve. If the district court abused its discretion by not granting the motion, then it erred in finding service to be untimely. *See Smith v. District of Columbia*, 430 F.3d 450, 457 (D.C. Cir. 2005) ("We review the district court's decisions under Rule 6(b) for abuse of discretion."). But if it did not abuse its discretion, dismissal was proper.

National Grid argues that the district court could not, as a matter of law, have granted the motion because Rule 6(b) may not be used to extend periods of time dictated by statute. We agree. Every court to have considered this question has held that Rule 6(b) may be used only to extend time limits imposed by the court itself or by other Federal Rules, but not by statute. For example, the Sixth Circuit reasoned that Rule 6(b), on its face, applies only to "procedural steps . . . taken 'by these rules or by a notice given thereunder by order of court.' " *U.S. ex rel. Tenn. Valley Auth. v. Easement & Right-of-Way 100 Feet Wide and 747 Feet Long Over Certain Land in Cumberland Cnty., Tenn.*, 386 F.2d 769, 771 (6th Cir. 1967) (quoting the pre-2007 version of Rule 6(b)); *see also O'Malley v. Town of Egremont*, 453 F. Supp. 2d 240, 247 (D. Mass. 2006); *Parker v. Marcotte*, 975 F. Supp. 1266, 1269

(C.D. Cal. 1997), *rev'd on other grounds*, 198 F.3d 254 (9th Cir. 1999); *Vill. Improvement Ass'n of Doylestown, Pa. v. Dow Chem. Co.*, 655 F. Supp. 311 (E.D. Pa. 1987); 4B Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc. Civ.* § 1165 ("Federal Rule 6(b) governs the enlargement of time periods prescribed by the federal rules or by an order of the district court. The rule does not apply to time periods set out in statutes."). To be sure, the language of Rule 6(b) on which the Sixth Circuit relied, i.e., the specific reference to time periods set out in the Federal Rules or by court order, was eliminated in the 2007 restyling of the Rules. The current language merely requires that "When an act may or must be done within a specified time, the court may, for good cause, extend the time." But the 2007 revision was meant to be stylistic only, so the pre-revision language remains relevant. *See* Fed. R. Civ. P. 6(b), 2007 Amendment ("The language of Rule 6 has been amended as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules. These changes are intended to by stylistic only."); *see also Potter v. Astrue*, No. 7:07-CV-70-BO, 2008 WL 4610234 (E.D.N.C.) (Oct. 16, 2008) (unpublished) (construing the current language of Rule 6 consistently with the prior language).

We see three reasons for following the lead of the other courts that have addressed this issue. First, like the Sixth Circuit, we believe that Rule 6(b)'s pre-2007 text clearly limits the rule's application to deadlines established by other Federal Rules and by court orders. Second, a comparison of the current Rule 6(b) with Rule 6(a), which governs methods for computing time, supports this reading. Rule 6(a) expressly applies to statutory time periods, suggesting by negative implication that Rule 6(b), which contains no parallel specification, does not. Finally, where Congress has set out a

specific deadline that courts have consistently construed to prohibit extension on equitable grounds, we think that it would be incongruous to allow courts to circumvent the congressional directive through the use of Rule 6(b). *See Vill. Improvement Ass'n of Doylestown*, 655 F. Supp. at 315 (refusing to use Rule 6(b) to extend the time limit prescribed in 28 U.S.C. § 1446(b) for motions to remove to federal court). As National Grid points out, courts have consistently interpreted the FAA notice provision to create a strict deadline. *See, e.g.*, *Dalal v. Goldman Sachs & Co.*, 541 F. Supp. 2d 72, 76 (D.D.C. 2008), *aff'd*, 575 F.3d 725 (D.C. Cir. 2009) (noting that there are neither common law nor statutory exceptions to the three month deadline).

We therefore hold that Rule 6(b) may not be used to extend statutory time limits. Accordingly, the district court had no authority to grant Argentina's motion to extend time to serve notice and therefore acted within its discretion in treating the motion as moot. Absent any evidence whatsoever of timely service of notice, we affirm the district court's dismissal of Argentina's motion to vacate the arbitral award.

Turning to Argentina's claim that the district court erred by granting the cross-motion to confirm the arbitral award without giving Argentina the opportunity to raise defenses afforded to it by the Convention, we agree with National Grid that Argentina had ample opportunity to raise these defenses in its Opposition to the Cross Motion Seeking Confirmation of the Award. Confirmation proceedings under the Convention are summary in nature, and the court must grant the confirmation unless it finds that the arbitration suffers from one of the defects listed in the Convention. *Zeiler v. Deitsch*, 500 F.3d 157, 164 (2nd Cir. 2007) (noting that the party opposing confirmation has the high burden of establishing that one of the defects exists). Because Argentina

made no attempt to raise those defects in the district court, we affirm the grant of National Grid's cross-motion for recognition of the arbitral award.

*So ordered.*