STATE OF VERMONT

SUPERIOR COURT                                    ENVIRONMENTAL DIVISION
                                                  Docket No. 112-10-18 Vtec

---

| Hinesburg Hannaford SP Application |
|---|

**ENTRY REGARDING MOTION**

Counts 1 to 22, Municipal DRB Site Plan (112-10-18 Vtec)

Title:          Motion to Stay (Motion 1)

Filer:          Town of Hinesburg

Attorney:       David W. Rugh

Filed Date:     November 27, 2018

Response in Opposition filed on 12/04/2018 by Attorney James A. Dumont for Cross Appellant Responsible Growth Hinesburg

Response in Opposition filed on 12/11/2018 by Attorney Christopher D. Roy for Appellant Martin's Foods of So. Burlington

Reply filed on 12/19/2018 by Attorney David W. Rugh for Cross Appellant Town of Hinesburg

Reply to Hannaford's Opposition filed on 12/21/2018 by Attorney James A. Dumont for Cross Appellant Responsible Growth Hinesburg

**The motion is DENIED.**

Martin's Foods of South Burlington (Hannaford) appeals a Town of Hinesburg Development Review Board (DRB) decision denying its site plan approval for the construction of a 36,000-square-foot Hannaford grocery store on Lot 15 of the Commerce Park subdivision in Hinesburg, Vermont.  Hannaford timely appealed the denial.  A group of Hinesburg residents (Neighbors) opposing the project cross-appealed.  The Town of Hinesburg (Town) also cross-appealed.  Presently before the Court is the Town's motion to stay the DRB's decision or, alternatively, to stay the 120 days the Town has to institute proceedings to acquire land on Lot 15, should it so choose, for a "mapped public facility" pursuant to 24 V.S.A. § 4421.

24 V.S.A. § 4421(4)(A) and (5) require land development to accommodate any site that a municipality has identified on its official map as the location of an existing or proposed public facility—including, in part, streets, parks, and schools.  The statute deems these "mapped public facilities."  24 V.S.A. § 4421(3)-(5).  Pursuant to the statute, the municipal panel reviewing an application for land development must deny it if it does not accommodate any relevant mapped public facilities.  24 V.S.A. § 4421(5).  When the municipal panel denies an application for failure to accommodate a mapped public facility, the municipality's legislative body has 120 days to initiate proceedings to acquire the land identified for the mapped public facility.[1]  24 V.S.A. § 4421(4)(A).

---

[1] We note that § 4421(5) does not provide municipalities with the power to acquire land.  Instead, the statute gives municipalities a window during which they can acquire land without any development taking place by

If the municipality does not initiate proceedings within that time, "the appropriate municipal panel shall review the application without regard to the proposed public facilities." Id. In other words, if the legislative body declines to start acquiring the land at issue during the 120 days, the municipal panel is then free to evaluate the application on its merits.

Here, the DRB concluded that the easement Hannaford offered to enable a community farmers' market on Lot 15 did not adequately accommodate the farmers' market as a mapped public facility. The DRB also concluded that an easement for a park in the proposal did not accommodate a mapped public facility. The DRB denied the application on these bases under § 4421(5), triggering, in the Town's view, the 120-day time period.[2] The case is complicated by the fact that the DRB proceeded to evaluate the remainder of the application and also denied it on additional, alternative grounds.

The Town asks us to stay the 120-day period pursuant to V.R.E.C.P. 5(e), arguing that it will face irreparable injury if the 120 days pass because it will lose the opportunity to acquire the land on Lot 15 at pre-development cost. Further, it argues, the DRB will be required to reevaluate the merits of the application after the 120 days expire pursuant to § 4421(5).

Neighbors and Hannaford argue that this Court cannot stay the 120 days because the stay is effectively a motion to extend time and this Court does not have authority to extend a statutorily-defined time period.[3]

Pursuant to V.R.E.C.P. 5(e), this Court can stay "the act or decision appealed from and make such other orders as are necessary to preserve the rights of the parties upon such terms and conditions as are just." Typically, this Court grants motions to stay DRB decisions that grant a permit, after finding that the consequence of allowing the proposed development to move forward is irreparable harm.[4] See, e.g., In re 110 East Spring St. CU, No. 11-2-16 Vtec, slip op. at 5-8 (Vt. Super. Ct. Envtl. Div. Apr. 22, 2016) (Walsh, J.); In re Appeal of Wood, Nos. 185-10-04 Vtec, 174-8-05 Vtec, slip op. at 4-5 (Vt. Envtl. Ct. Apr. 13, 2006) (Durkin, J.).

In the present matter, however, the consequence of the DRB's *denial* of the application is that no development can occur on Lot 15. Thus, staying development is not at issue. The DRB's

---

limiting the DRB's powers of review during that time. Municipalities seeking to acquire land are not limited by the 120-day window set out in § 4421; they can do so before, during, or after that time period under 24 V.S.A. §§ 2805-2812 (establishing the procedures for condemnation by municipalities).

[2] Because the DRB issued its denial on October 17, 2018, the 120-day period identified by the Town will expire on February 14, 2019. Acknowledging that we publish this Entry Order with that deadline looming, we note that the unique posture of this case has required this Court to engage in a difficult balancing of deadlines. On the one hand, we recognize the Town's desire for prompt resolution of the question in order to have sufficient runway to initiate proceedings to acquire the land at issue should it so choose. On the other hand, we are obligated to provide all parties with a full and fair opportunity to address this question. The last response addressing the motion to stay was filed on December 21, 2018. The issue of a stay is interrelated to a number of other motions simultaneously before this Court, for which the deadlines for responses have just recently closed.

[3] Hannaford raises other arguments related to the DRB's denial of the application, including issue and claim preclusion, that could potentially have consequences for the running of the 120-day period. We do not incorporate our ongoing analysis of those issues into this Entry Order because they are the subject of other motions for which the response period has recently closed. As noted above, the time requirements of § 4421 obligate this Court to respond to the present motion before reaching the related questions.

[4] Specifically, the four factors the Court considers when evaluating a motion to stay are: "(1) the likelihood of success of the appealing party on the merits, (2) whether the party seeking the stay will suffer irreparable injury if the stay is not granted, (3) whether the issuance of a stay will substantially harm other parties, and (4) the location of the best interests of the public." See N. Cmty. Inv. Corp. Conditional Use Application, Nos. 123-6-07 Vtec, 128-6-07 Vtec, and 152-7-07 Vtec, slip op. at 2 (Vt. Envtl. Ct. Aug. 30, 2007) (Durkin, J) (quoting In re Tariff Filing of New England Tel. & Tel. Co., 145 Vt. 309, 311 (1984)).

denial also triggered the 120-day clock. The DRB did not decide to start the 120-day clock. Rather, the triggering of the 120 days is the result of the Legislature enacting § 4421.[5] Therefore, what the Town requests is not a stay but an extension of the statutorily-defined time limit.

We can find no support for the proposition that V.R.E.C.P. 5(e), or 10 V.S.A. § 8504(f)(2), permit this Court to grant extensions of time. Nor does the Town offer any. Where the rules governing this Court allow extensions of time, they contain some indication that that is the case. See, e.g., V.R.A.P. 4(d)(1) ("The superior court may extend the time for filing the notice of appeal if . . . ."); V.R.E.C.P. 5(b)(2) (requiring the filing of cross- or additional appeals within a certain time frame "unless the court extends the time . . . ."). We conclude that we cannot grant an extension of time in the guise of a stay.

Even if this Court interpreted the Town's motion as a motion to extend time pursuant to V.R.C.P. 6(b), which the Town did not request, we could not extend a statutory time period. V.R.C.P. 6(b) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . ." The Rule, however, only allows the enlargement of time periods established by court rules or orders, not those set by statute. See Peters v. Benways Transp., No. 2004-148, at 1 (Vt. Aug. 1, 2004) (unpub. mem.) (*available at* http://www.vermontjudiciary.org/sites/default/files/documents/eo04148.pdf).[6] Thus, this Court cannot apply V.R.C.P. 6(b) to extend the 120-day period defined in § 4421(4)(A) and (5).

Based on the foregoing, we conclude that this Court does not have the authority to grant the Town's motion to stay. Accordingly, the motion is **DENIED**.

---

[5] Further, as this Court is a court of limited appellate jurisdiction, we can only address the issues the municipal panel below had the authority to review. In re Transtar, LLC, No. 46-3-11, slip op. at 4 (Vt. Super. Ct. Envtl. Div. May 24, 2012) (Durkin, J.). The DRB did not have the authority to decide whether or not to trigger (or stall) the 120-day clock. Instead, it could only—and we can only—determine the conformity of the application with the site plan requirements within the applicable statutory framework.

[6] We note that unpublished decisions by three-justice panels of the Vermont Supreme Court are not controlling precedent but "may be cited as persuasive authority." V.R.A.P. 33.1(d). Given the absence of other guiding authority on this issue, along with the fact that the view espoused in Peters corresponds with the federal interpretation of the Rule, we find its conclusions persuasive. See Gero v. Moore, No. 416-9-06 Wmcv, slip op. at 4-5 (Vt. Super. Ct. May 11, 2007) (Wesley, J.) (relying on Peters to support its conclusion that V.R.C.P. 6(b) did not apply to statutory time periods).

This view of the Vermont Rule corresponds with the general interpretation of the Federal Rule it is drawn from. See State v. Amidon, 2008 VT 122, ¶ 16, 185 Vt. 1 (explaining that where a Vermont rule is based on a federal rule, "we look to federal cases interpreting the federal rule for guidance."); Reporter's Notes—2018 Amendment, V.R.C.P. 6 (stating that "Rule 6(b) is revised to adopt the format and language of F.R.C.P. 6(b) as restyled in 2007 and amended in 2009."). As explained in Argentine Republic v. Nat'l Grid PLC, "[e]very court to have considered this question has held that Rule 6(b) may be used only to extend time limits imposed by the court itself or by other Federal Rules, but not by statute." 637 F.3d 365, 368 (D.C. Cir. 2011) (per curiam) (collecting cases), *cert. denied*, 565 U.S. 1059 (2011).

Please see the enclosed notice of status conference. The parties should be prepared to discuss the implications of the DRB's simultaneous review of the mapped public facility question and the other merits of the application at the status conference.

So ordered.

Electronically signed on February 11, 2019 at 09:00 AM pursuant to V.R.E.F. 7(d).

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division

Notifications:
Christopher D. Roy (ERN 1352), Attorney for Appellant Martin's Foods of So.Burlington
David W. Rugh (ERN 1507), Attorney for Cross Appellant Town of Hinesburg
James A. Dumont (ERN 1948), Attorney for Cross Appellant Mary Beth Bowman
James A. Dumont (ERN 1948), Attorney for Cross Appellant Ken Brown
James A. Dumont (ERN 1948), Attorney for Cross Appellant Jedidiah Burack
James A. Dumont (ERN 1948), Attorney for Cross Appellant Dark Star Prop. LLC
James A. Dumont (ERN 1948), Attorney for Cross Appellant Deirdre Erb
James A. Dumont (ERN 1948), Attorney for Cross Appellant Geoffrey Gevalt
James A. Dumont (ERN 1948), Attorney for Cross Appellant Catherine Goldsmith
James A. Dumont (ERN 1948), Attorney for Cross Appellant Deborah Goudreau
James A. Dumont (ERN 1948), Attorney for Cross Appellant Lindsay Hay
James A. Dumont (ERN 1948), Attorney for Cross Appellant Carol Jenkins
James A. Dumont (ERN 1948), Attorney for Cross Appellant Jean Kiedaisch
James A. Dumont (ERN 1948), Attorney for Cross Appellant Rachel Kring
James A. Dumont (ERN 1948), Attorney for Cross Appellant Natacha Liuzzi
James A. Dumont (ERN 1948), Attorney for Cross Appellant William Marks
James A. Dumont (ERN 1948), Attorney for Cross Appellant Richard Palieri
James A. Dumont (ERN 1948), Attorney for Cross Appellant Sally Reiss
James A. Dumont (ERN 1948), Attorney for Cross Appellant Heidi Simkins
James A. Dumont (ERN 1948), Attorney for Cross Appellant Michael Sorce
James A. Dumont (ERN 1948), Attorney for Cross Appellant Stephanie Spencer
James A. Dumont (ERN 1948), Attorney for Cross Appellant Responsible Growth Hinesburg
Interested Person Gill B. Coates
Peter G. Raymond (ERN 8814), Attorney for Interested Person Austin Properties, LLC